JUDGE ROBERTSON
delivered the opinion oe the court:
On the separate trial of a joint indictment against the appellant and eight others, for an outrageous battery on a defenceless woman, without any better excuse than an unlawful purpose to take from her, by wrongful force, her only child, he offered to prove by two of the other persons so indicted that they were present at the commission of the offense, and that he was neither there nor in any way co-operated in it. But the court adjudging these witnesses incompetent, refused to permit them to testify; and the jury having found him guilty and assessed his fine at $1,500, he appeals from the judgment overruling his motion for a new trial and adjudging the payment of the fine as assessed.
The evidence authorized the verdict. The injured woman, and her father and mother, with whom she resided, testified that they were well acquainted with the appellant, and that he was one of the assailing party; and after the outraged woman had been knocked down, he stamped her with his feet greatly to her injury. He endeavored to prove an alibi by several of his kindred; but their testimony, if true, is so indefinite as to the precise time, as not necessarily to conflict with that of the Commonwealth; and, if it should be deemed conflicting, the evidence was at least equiponderant, and, all things considered, it, in our opinion, preponderated against him.
We are also of the opinion that his rejected witnesses were incompetent. Section 670 of the Civil Code, relied on for establishing their competency, applies exclusively to civil cases. In criminal cases the common law prevails, and in this respect is unmodified by the Code or by any statute of this State; and it has been authoritatively adjudged, that, according to the common law, no one jointly indicted with another is a competent witness for *43 the latter, even on his separate trial, unless the witness shall have been previously discharged, as provided for by the 232d section of the Criminal Code, which clearly imports, that, without some such discharge, he would not be competent. (Adwell vs. The Commonwealth, 17 B. Mon., 318-19, and the authorities therein cited.)
Nor can we admit that the alleged excessiveness of the adjudged fine can entitle the appellant to a reversal when the offense was so enormous, and for the public security required such exemplary punishment.
Wherefore, there being no other ground for reversal, the judgment of the circuit court is affirmed.