**Warren HALL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 27, 1966.

Lawrence C. Jenkins, Paul D. Ross, Lexington, for appellant.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

By this opinion we entertain and dispose of appellant's motion for appeal from a jury verdict and judgment imposing a $1,000 fine on him for assault and battery charged to have been committed on one Melvin Cheek. (KRS 431.075)

The agreed narrative approved by the trial court pursuant to RCr 12.68 indicates appellant, a deputy constable, and the prosecuting witness, Melvin Cheek, met on Boone Alley, a one-way street in the city of Lexington, and neither wanted to back up. By custom, Cheek was traveling the proper direction; but, due to a mistake in the posting of a one-way sign, appellant was headed in the right direction. But, it is unimportant which party had the right-of-way. After confrontation of the two automobiles, a driver following Cheek sounded his horn, which apparently fanned the flames of anger already existing. Appellant got out of his automobile, and, according to Cheek, asked this question: "Can't you read the God damned sign?" Cheek testified he threatened to call the law on account of the loud and abusive language used by appellant, whereupon appellant announced, "I am the God damned law." Appellant denies most of this. He "stated" he was a deputy constable and "was going to give him (Cheek) a break and let him move their illegally positioned car" when Mrs. Cheek and the operator of another car started chanting: "Assault and battery, breach of peace." Appellant denied he struck Cheek or made any threats or gestures toward him or anyone else. Cheek testified that while he was still seated in his automobile with his wife, appellant struck him in the face bringing some blood about the mouth but did not seriously injure him.

Appellant urges as a ground for reversal that the fine is excessive considering the very slight injury inflicted by the blow.

This court discussed the reasonableness of a fine in an assault and battery case styled Ison v. Commonwealth, 190 Ky. 376, 227 S.W. 480, 482, in the course of which it was said: "If the punishment inflicted is not so excessive in the light of the facts as to invade some constitutional right against 'cruel and unusual punishment,' it will not be disturbed."

The record in the present case discloses no evidence of provocation by Cheek except his insistence on the right-of-way, and it was not associated with threats, demonstrations, or boisterous conduct. Appellant, a peace officer presumed to know and under a duty to uphold the law, took charge of the situation and, from the verdict of the jury, committed an offense "against the peace and dignity of the Commonwealth." The amount of the fine is not considered excessive. Cf. May v. Commonwealth, Ky., 285 S.W.2d 160 (1955).

The judgment is affirmed.