**Steve SIZEMORE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 22, 1972.

Larry Allen, Allen & Bledsoe, London, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

During an argument over the ownership of a truck the appellant, Steve Sizemore, committed an assault and battery on one Sherman Howard by striking him once on the nose with his fist or clenched hands. Sizemore was indicted and tried before a jury, which found him guilty and fixed his punishment at a fine of $2500. The sole ground upon which Sizemore appeals from a judgment entered in accordance with the verdict is that the punishment is excessive and in violation of Ky.Const. § 17 and the 8th Amendment of the federal constitution. Sec. 17 of the Kentucky Constitution reads as follows: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel punishment inflicted." The 8th Amendment reads the same except for the words "cruel and unusual punishments" instead of "cruel punishment."

Assault and battery in this state is a common law crime punishable by fine or imprisonment, or both, at the discretion of the jury except as limited by statute and, of course, by the constitutional provisions above mentioned. Cornelison v. Com., 84 Ky. 583, 8 KLR 793, 2 S.W. 235, 242 (1886); Ison v. Com., 190 Ky. 376, 227 S. W. 480 (1921). Since 1950 the permissible punishment has been limited to imprisonment in the county jail for not more than 12 months and a fine not exceeding $5,000. KRS 431.075.

The incident in question took place at the Philpot Welding Shop in London, Kentucky. Acting under the direction of the defendant, Sizemore, Ronnie Philpot, proprietor of the welding shop, moved a truck from the front yard of Howard's home to the welding shop, which was located just across the street, for the purpose of repairing its brakes. The truck had been in Howard's possession for some time, and apparently its removal was accomplished without his knowledge or consent. When he discovered it was gone he obtained a so-called "John Doe" arrest warrant and a warrant for search of the welding shop premises, and accompanied the executing police officers to the shop for the purpose of identifying the truck.

As it was late at night the welding shop was closed, so one of the officers notified Philpot by telephone that the search was to be accomplished. Philpot then got hold of Sizemore, and they went to the shop together. Meanwhile the officers, after waiting for some time, had gained entrance

and were inside with Howard when Philpot arrived with his brother, Sizemore, and one or two of Sizemore's brothers. Evidently fearing that Philpot, though innocent of any intentional wrongdoing, was about to be arrested, Sizemore tried to get Howard to admit that the truck actually belonged to him (Sizemore) and became enraged when Howard would not do so. It was then that Sizemore struck Howard in the face. Howard testified that "it knocked me back about six foot and busted my nose and it started bleeding. And then from that time of the occasion I had to be consulted with a doctor for three days. I was at the emergency room in the hospital for about one hour on account of draining blood down in my stomach."

There have been several instances in which this court has reviewed assault and battery convictions on the issue of excessive punishment, but apparently none in which it has found the penalty given to have been excessive. See West's Kentucky Digest, Assault & Battery, ■■■■

KRS 431.075 is a catch-all provision which limits the amount of punishment in all cases not otherwise covered by statute. Thus it does not reflect any specific policy with respect to the particular crime of assault and battery except insofar as it can be said that implicitly it recognizes the possibility that an assault and battery can be sufficiently aggravated to justify a year in jail and a fine of $5,000. Obviously, however, that maximum penalty could not be upheld for the simplest offense. By comparison, for example, the maximum penalty for intentional cutting, shooting or wounding without previous malice is a year in jail and a fine of $500. KRS 435.-180.

■■■ It has been said in some cases that if the statute itself is not unconstitutional, then no punishment inflicted in accordance with it can be adjudged exces-

sive. Spurlock v. Com., 311 Ky. 238, 223 S. W.2d 910, 912 (1949); Golden v. Com., 275 Ky. 208, 121 S.W.2d 21, 26 (1938). That may be so when the statute has been tailored to a specific offense, but is not necessarily true with regard to a blanket limitation designed to cover miscellaneous offenses of differing gravity. It has always been recognized that although there are no "degrees" of assault and battery, "in imposing the punishment the circumstances of the one case demand a greater punishment than the other. . . . The punishment is graded by the enormity of the offense . . . . There is a limitation for the protection of the citizen against all excessive punishment. That limitation is found in the second and seventeenth sections of the bill of rights." Cornelison v. Com., 84 Ky. 583, 8 KLR 793, 2 S.W. 235, 238, 242 (1886), in which it was pointed out also that where the law does not fix a limit the court may not do so, but it can set a verdict aside if the jury has abused its discretion by the infliction of a cruel punishment. For a thorough discussion of the point see Weber v. Com., 303 Ky. 56, 196 S.W.2d 465 (1946), in which it is observed that the court has no right to say a penalty is cruel and unconstitutional unless it "clearly and manifestly so appears."

■■ In Hall v. Com., Ky., 403 S.W.2d 287 (1966), and May v. Com., Ky., 285 S. W.2d 160 (1955), under circumstances comparable with those in this case, fines of $1,000 were held not to be excessive. Although we find no case in this jurisdiction in which a fine approaching $2500 has been inflicted as the penalty for a simple, unaggravated assault and battery, it does not strike us as being so obviously and flagrantly excessive as to transgress the constitutional inhibitions against excessive fines.

The judgment is affirmed.

All concur.