## Spears, et al. v. Commonwealth.

(Decided March 22, 1927.)

## Appeal from Campbell Circuit Court.

1. Larceny.—Evidence held sufficient to take case to jury, in prosecution for grand larceny of automobile.
2. Criminal Law.—In prosecution for grand larceny, defendants' evidence of alibi, known before trial but not communicated to attorney, is not "newly discovered" so as to justify granting of new trial.

JOHN D. DAVIS for appellants.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

George Spears, Marvin Sanders, Orville Jackson and Milton Jones, colored, and aged from 19 to 22 years, were jointly indicted in the Campbell circuit court on the charge of grand larceny. Jackson and Jones pleaded guilty. Spears and Sanders pleaded not guilty and on a joint trial both were convicted and the punishment of each fixed at five years in the penitentiary.

On this appeal they urge as grounds for reversal (1) that the court erred in overruling their motion for a directed verdict; (2) that the court erred in overruling their motion for a new trial on the ground of newly discovered evidence.

(1) The evidence discloses that an automobile belonging to C. D. Fick was stolen from his premises in Newport on Saturday night the 29th of May, 1926. The four defendants lived in Newport. They were found in possession of this car in the city of Mt. Sterling and arrested on Friday following. Murphy, the chief of police of Newport, was notified, and in company with a member of the force, Sergeant Johns, went to Mt. Sterling and took the defendants back to Newport. The license plates had been removed from the car and replaced with plates stolen from another car, but it was positively identified.

Murphy states that while at Mt. Sterling all four of the defendants voluntarily confessed that they had all taken the car and were together at the time this was done.

Johns further said that they made the same confession while *en route* home, and that Spears stated that he removed the license plates from the stolen car and hid them in the Rough Riders' ball park in Newport and replaced them with some plates he had stolen from a car in Bridwell's garage in that city; that they also stated that Jones drove the car as far as Paris and that Jackson drove it the rest of the way. In the examining court all of the defendants pleaded guilty and were held to the grand jury. On this trial both appellants admitted riding in the car with Jones and Jackson from Newport to Mt. Sterling on Sunday night, but say that this was at the invitation of the other parties, and deny that they knew the car was stolen or had any connection with that crime, and say they never learned of that fact until they were arrested; that on Sunday evening about dark they saw Jones and Jackson in the car and were invited by them to take a trip to Mt. Sterling, which they innocently did. They further deny all the incriminating evidence introduced by other witnesses and explain their plea on the examining trial by saying that they intended to admit that they were guilty of riding in the car and not that they were implicated in taking it. Jackson and Jones were introduced by the commonwealth. Each freely admits his own guilt, but exonerates the appellants. Jones testifies that he and Jackson stole the car and drove it down town; that they met the two appellants on Saturday evening and the four took a ride to the ball park; no mention was made of the stealing; that he left Jackson and the two appellants in the car and went back to the place from which it had been stolen to ascertain if a discovery had been made, and returned in about three or four hours and found them asleep; that they left the park at about five o'clock Sunday morning, leaving the car at that place; the parties met again on Sunday night at a shoe shine parlor and he and Jackson invited the others to go with them to Mt, Sterling, and that they accepted the invitation, but neither of the appellants had any part in the taking. Jackson testifies that he and Jones stole the car and that he removed the license tags therefrom and replaced them with the stolen tags; that he and Jones met appellants for the first time Sunday evening and invited them to go to Mt. Sterling, which they did, but that neither of them was connected with the theft or advised of it.

A mere recital of the facts demonstrates that the court properly overruled the motion for a directed verdict, and that the evidence is sufficient to uphold the verdict. Second: The appellants were unable to employ counsel and the court appointed an attorney to defend them on the 19th of June, the trial being set for the 22nd and held on the 23rd. No subpoenas were issued for the defendants' witnesses. In their motion for a new trial appellants filed their own affidavits and affidavits of their parents and others in support of an *alibi* to the effect that each of them returned to his respective home before eleven o'clock on the night the machine was stolen and remained there during the night, and that they did not impart this information to their counsel; and also the affidavit of counsel that he was not informed of this evidence until after the trial. As appellants knew of this evidence before the trial it cannot be said to be newly discovered and will not avail them on the motion for a new trial. Oakley v. Com., 158 Ky. 474.

No error appearing to the prejudice of the substantial rights of the defendants, the judgment is affirmed.