## Hatfield v. Commonwealth.

(Decided March 24, 1933.)

JOHN W. CAUDILL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Affirming.

Appellant was convicted of the offense of murder and given a life sentence in the penitentiary. He appeals.

As grounds for reversal, he urges that the verdict is flagrantly against the evidence; that the trial court erred in failing to give a self-defense instruction; and that such court should have granted a new trial because of newly discovered evidence.

The homicide occurred on a Sunday in 'August, 1931. The appellant, together with some of his cronies, had gone up into a hollow and there were regaling themselves with about a quart of moonshine whisky. While they were thus drinking, appellant's wife, according to the evidence for the commonwealth, came up upon the bank overlooking the hollow where the appellant and his friends were seated and upbraided the appellant for dissipating that which she had worked so hard for and begged him to come on to the house and leave his companions. On his refusing to do so, she picked up two small rocks and either pitched or threw them over the bank at Leo Stanley, one of those in appellant's crowd. This seems to have infuriated appellant. Picking up a .22 rifle near at hand and steadying it on his knee, he took deliberate aim at his wife and shot her, from the effects of which wound she died a few days afterwards. The commonwealth also introduced evidence to show that appellant had been very abusive to his wife for quite a period of time before this homicide; had struck her on several occasions and threatened to kill her, and that indeed on the day of and a short while before the homicide had shot into a barn where she and some of her companions were. The evidence for the defense is that while appellant and his crowd were up the hollow drinking, appellant noticed some one in the bushes on the top of the bank overlooking the hollow. He did not know who it was that was in the bushes, but when a couple of rocks were pitched over into the hollow, he picked up his gun and shot in the direction whence the rocks had come. He denied intending shooting anybody or indeed that he shot with the idea of hitting anybody, but contented himself with saying that he just shot up into the bushes where he thought the person was who had thrown the rocks. He makes no claim that he felt himself in any danger whatever from the rocks or from the person up in the bushes. This statement of the evidence pro and con indicates how groundless is the first alleged error upon which appellant relies. Indeed, in his brief he practically confesses that this was a case for the jury.

This statement of the evidence equally demonstrates the lack of merit in the second contention of appellant, since he nowhere claimed in his proof that he shot in defense of himself or of any one in his crowd, or that he felt that he or any one in that crowd was in

any danger that justified him shooting in his or their defense. As said in the case of Clark v. Commonwealth, 227 Ky. 418, 13 S. W. (2d) 250, 252:

> "The purpose of instructions is to enable the jury to apply the law to the facts adduced on the trial. A self-defense instruction should never be given when there is no evidence to authorize it."

Accordingly it has been held that where there is no evidence to authorize it, a self-defense instruction need not be given in a case of homicide. Cook v. Commonwealth, 232 Ky. 613, 24 S. W. (2d) 269, and cases therein cited. As there was no evidence to authorize a self-defense instruction in this case, the trial court did not err in failing to give one.

So far as the newly discovered evidence is concerned, aside from the fact that it was merely cumulative and impeaching, a fatal objection to its consideration is the circumstance that appellant did not file his own affidavit showing no lack of diligence on his part in the discovery of this evidence prior to the trial. He only filed the affidavits of his so-called new witnesses. This is not sufficient. In the case of Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691, 692, we said:

> "In the case of Ellis v. Commonwealth, 146 Ky. 715, 143 S. W. 425, this court said that the practice as to granting new trials for newly discovered evidence is the same in criminal as in civil cases, and that it is the settled and well-known practice in civil cases that a new trial will not be granted on the ground of newly discovered evidence, unless the party asking a new trial, in addition to the other requisites, files his own affidavit, setting out that he did not know, and by the exercise of reasonable diligence could not have known, of the existence of the newly discovered evidence until after the trial had concluded. This appellant failed to do, for which reason the lower court properly denied the motion for a new trial upon that ground."

And so here. As appellant failed to file his own affidavit showing no lack of diligence prior to his trial in the discovery of this alleged newly discovered evidence, the lower court properly denied his motion for a new trial based on this ground.

The judgment is affirmed.