Flowers v. Commonwealth.

April 25, 1939.

J. MILTON LUKER and D. M. BINGHAM for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, John Flowers, is appealing from a judgment on a verdict under which he was convicted of aiding and abetting in the commission of the crime of manslaughter, and sentenced to serve two years in the penitentiary. He and Bill Brown were indicted jointly for the wilful murder of Jess Browning. Brown was tried first and was convicted of murder and sentenced to life imprisonment. Reversal is urged because (1) the trial court erred in overruling the appellant's motion for a peremptory instruction at the conclusion of the evidence offered by the Commonwealth, and also in overruling a like motion at the conclusion of all the evidence; (2) the verdict is flagrantly against both the law and the evidence; and (3) the court erred in not giving instructions on the whole law of the case.

Browning was killed by Brown during the afternoon of December 12, 1937, in the recreation hall of the Kay Jay Coal Camp in Knox County. There were a number

of people present in the hall at the time of the shooting. Brown and Browning first had an argument over some hamburgers at the hamburger stand in the hall. They left this place and walked a short distance to a counter where the cash register was located. Browning stopped there and Brown crossed the hall (a distance of some 15 or 20 feet) where he took a pistol out of the right hip pocket of John Flowers. Brown then went directly back across the hall with the gun in his hand to the place where Browning was standing with his back toward him. Browning turned about the time that Brown reached him and during the scuffle which followed three shots were fired, the last one fatally wounding Browning. There is no showing that there had been any difficulty between Brown and Browning, or Browning and Flowers, prior to the time the argument took place at the hamburger stand.

Several witnesses testified for the Commonwealth to the following effect: When Brown left Browning near the cash register, he walked directly across the hall to the place where Flowers was standing. Flowers had been sitting in a booth near where he was standing when Brown approached him. Brown placed his hand on Flowers' shoulder. Flowers smiled and said something to Brown and pulled back his coat, thereby exposing the pistol in his right hip pocket.

One witness testified that Flowers said to Brown, ''Make him give 'em up.'' Another witness testified that he had seen Flowers and Brown go into the back of the hall about five minutes before Brown and Browning had their first argument. Flowers testified that he got up out of the booth for the purpose of getting a match out of his pocket with which to light a cigarette, and that in putting his hand into his pocket to get the match his coat was pulled back so that the pistol became visible and that Brown jerked it out of his pocket and went back across the hall toward the place where Browning was standing. He testified also that he was so amazed and astonished, and that such a short time elapsed between the time Brown got the gun and when the shooting started, that he did not do anything toward recovering the pistol.

Brown testified that he had not had any difficulty with Browning prior to the argument at the hamburger stand; that he had not talked with Flowers before the shooting started; that he did not know that Flowers had

a gun until he saw him pull his coat back as if he were feeling for a match in his pocket; that he grabbed the gun out of Flowers' pocket; that no conversation took place between them at the time; and that he was about two feet from Flowers when he first saw the gun.

In view of this testimony and the circumstances pertaining to the case, we are of the opinion that it would have been error for the trial court to have given a peremptory instruction in favor of John Flowers either at the conclusion of the evidence offered by the Commonwealth or at the conclusion of all the evidence. There was sufficient evidence to warrant the submission of the case to the jury on the question as to whether or not Flowers aided and abetted Brown in the murder of Browning. It was for the jury to determine whether they believed the witnesses for the Commonwealth or those for the appellant as to how Brown got the gun from Flowers. Apparently, they gave more weight to the testimony of the witnesses for the Commonwealth.

We are also of the opinion that there is no basis for the contention that the verdict is flagrantly against the law and the evidence. The jury could have fixed Flowers' confinement in the penitentiary for not less than two nor more than twenty-one years. They fixed it at two years. Having reached the conclusion that there was sufficient evidence to warrant the submission of the case to the jury, we are not prepared to say that the verdict fixing the minimum period of confinement for the offense for which Flowers was found guilty was flagrantly against the weight of the evidence.

Counsel for the appellant vigorously contend that error was committed by the trial court's failure to give a self-defense instruction. We have examined the record carefully from this point of view, and we fail to find from the evidence, including that of Brown himself, that he would have been entitled to such an instruction. Following the first difficulty between Brown and Browning, they parted. Browning was standing with his back toward Brown when Brown approached him with the pistol in his hand. It was not until someone hollered, "Look out," that he learned that Brown was coming toward him with the pistol. In other words, the record shows conclusively that Brown was the aggressor in the affray in which Browning was mortally wounded. If, as we have indicated, Brown would not have been entitled to a self-defense instruction on the record before us, there

is no basis for the contention that Flowers was entitled to such an instruction. Clark v. Commonwealth, 227 Ky. 418, 13 S. W. (2d) 250; Hatfield v. Commonwealth, 248 Ky. 342, 58 S. W. (2d) 634; Payne v. Commonwealth, 255 Ky. 533, 75 S. W. (2d) 14; Carter v. Commonwealth, 258 Ky. 807, 81 S. W. (2d) 883; and Smith v. Commonwealth, 262 Ky. 748, 91 S. W. (2d) 31. Nor do we find any basis for the contention that the court should have given instructions on mutual combat and involuntary manslaughter.

Judgment affirmed.