## Hamilton v. Commonwealth.

Oct. 13, 1942.

As Modified on Denial of Rehearing Dec. 18, 1942.

308

Joe P. Tackett and Sidney Trivette for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellant, Tennis Hamilton, was convicted of the crime of manslaughter upon an indictment charging him with the murder of his stepfather, Sanford Williamson. He was sentenced to confinement in the state reformatory for a period of 15 years. He has assigned three grounds for reversal of the judgment, viz: (1) that the court erred in not sustaining his motion for a new trial

upon the ground of newly discovered evidence; (2) the verdict is flagrantly against the law and the evidence; and, (3) the court erred in failing to admit competent evidence.

We are precluded from considering the first alleged error because appellant's affidavit in support of his motion for a new trial on the ground of newly discovered evidence was fatally defective, in that, it failed to allege facts showing that he or his attorneys had exercised due diligence before the trial to discover the evidence. The affidavit merely states that "the defendant has discovered important evidence in his favor, that after the exercise of due diligence he did not and could not discover before the said trial." In the case of Belcher v. Commonwealth, 247 Ky. 831, 57 S. W. (2d) 988, 993, quoting from Russell v. City of Ashland, 159 Ky. 223, 166 S. W. 971, 972, it is said:

" 'In a case of this kind (newly discovered evidence), it is not sufficient merely to allege that affiant exercised due diligence, but he must allege facts showing that such diligence was exercised. As the affidavit fails to show such facts, we conclude that the court below did not err in refusing a new trial on the ground of newly discovered evidence, which, so far as the record shows, might have been discovered by the slightest inquiry on the part of plaintiff.' "

The rule thus stated is well established and the reasons therefor are elaborately set forth in the opinion of the court in Belcher v. Commonwealth, supra.

We will therefore proceed to a consideration of the contention that the verdict is against both the law and the evidence. It is argued that since the testimony of the only eyewitnesses to the happening of the homicide clearly established that appellant committed the act in defense of the life of his mother, he was entitled to a verdict of acquittal to be directed by the court. Similar contentions, where the testimony was uncontradicted by other testimony or evidence of physical facts, have been upheld in this jurisdiction. Dixon v. Commonwealth, 290 Ky. 469, 160 S. W. (2d) 913. But we believe the evidence in this case to be not without contradiction so as to impel the application of the rule. The first evidence in contradiction of the testimony of the eyewitnesses is that

appellant's mother, wife, and first cousin, the only eyewitnesses to the killing who testified on the trial, and all of whom testified that appellant shot in defense of the life of his mother, previously told officers who were investigating the homicide that deceased had committed suicide, thus demonstrating a willingness to distort the actual facts to such extent as they deemed necessary to accomplish the acquittal of appellant. Appellant himself, when arrested, denied he had done the shooting and when told that his mother and wife finally had admitted that he had done so, said that "if they made that statement they have lied." The next contradictory circumstance proven in the case is that appellant immediately fled the scene of the homicide and was arrested 30 miles distant therefrom. That fact may be considered by the jury, under proper admonition, as evidence of defendent's intent, guilty knowledge, and motive of desire to escape the consequence of the homicide. Patton v. Commonwealth, 289 Ky. 627, 159 S. W. (2d) 1006, 1011; Stanley on Instructions, Section 791, page 1051. If the jury came to the conclusion that the defendant's flight proved that he intended to commit the crime of which he was accused, or that it proved guilty knowledge of his having committed the crime and a motive of desire to escape the consequences thereof, they had the right to disregard testimony to the effect the defendant shot in defense of his mother's life and to conclude that he was guilty. Defendant and his mother attempt to explain his flight from the scene of the homicide by testifying that she had requested him to go to the county seat to give himself up, but this testimony is wholly inconsistent with the mother's statement to officers when they arrived at the scene of the homicide that the deceased had committed suicide, and is inconsistent with the defendant's denial at the time of his arrest that he fired the shot that killed his stepfather. The eyewitnesses were contradicted by other statements made by them before the trial of the case. On the trial they testified that the deceased was stooping over at the time the fatal shots were fired, but admitted, under cross-examination, they had previously stated to the investigating officers that the deceased was standing straight up at the time he was killed. Thus the record presents evidence of acts and previous statements in contradiction of the testimony of the eyewitnesses. In such state of case, and, where the defendant admits firing the fatal shot, the jury will not be required to believe

that the shooting occurred in the exact manner related by the eyewitnesses on the trial of the case.

The final complaint that the court erred in failing to admit competent evidence we deem to be likewise without merit. The evidence related to an altercation and assault made by deceased on a stranger the night before the shooting occurred. Had the assault been made shortly before the occurrence of the homicide it might have been competent to show the frame of mind the deceased was in at the time he was killed, in substantiation of appellant's theory that deceased was the instigator of the altercation in which he lost his life. But such events which occurred the day before are too remote to have any bearing on that issue. Even if the testimony had been competent we do not apprehend that its rejection could possibly be prejudicial to appellant's rights. It was shown that the assault made on the stranger the night before was in imaginary defense of appellant's mother. We do not conceive that proof of one's willingness to fight in defense of his wife can possibly prove that on another occasion he had attempted to put an end to her life. The rejected evidence was totally irrelevant under the circumstances proven in the case.

The judgment is affirmed.