## Spurlock v. Commonwealth.

October 21, 1949.

James M. Gilbert for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

JUDGE REES—Affirming.

Appellant, Robert Lee Spurlock, has been convicted and sentenced to imprisonment for a term of eight years on the charge of malicious shooting and wounding. He seeks reversal of the judgment chiefly on the ground that the court erred in overruling his supplemental motion and grounds for a new trial. The ground for a new trial set up in the supplemental motion was newly discovered evidence.

Appellant, who was 17 years of age, shot and seriously wounded Berlin Osborne on January 5, 1949. He was indicted on January 12, 1949, and was released on bond on January 14, 1949. The trial was held on June 17, 1949, and the supplemental motion for a new trial was filed on July 1, 1949. We summarize, briefly, the evidence.

In October, 1948, Berlin Osborne loaned to appellant a 22-calibre rifle and a boat located on the Cumberland River about four miles below Pineville. Appellant returned the rifle, but failed to return the boat though repeatedly requested to do so by Osborne. On the occasion in question Osborne started to appellant's home to request him again to return the boat, since it was needed

at Osborne's home as the river was rising. Osborne met appellant near the latter's home, and asked him why he had not returned the boat. According to Osborne, appellant replied, "By, God, because I didn't want to," and Osborne then took hold of appellant's left shoulder and said, "Come on let's go get the boat." Appellant then took three or four steps away, turned around, drew his pistol and fired two shots. One of the bullets entered Osborne's abdomen and the other passed through his left arm. Osborne testified that he was unarmed. Three eyewitnesses who were within a few feet of the parties substantially corroborated Osborne, and all of them testified that they did not see Osborne with any weapon. Appellant testified that Osborne struck him on the shoulder, knocking him almost to the ground, and that Osborne reached down and jerked him up. "When I got up I saw his hand under his coat, and I got my pistol and shot him first." On direct examination appellant said he did not see a pistol on Osborne, but on cross-examination, after being pressed, he said: "I saw his hand under his belt and a black handled pistol, I didn't see the barrel." He said he took about two or three steps and shot Osborne.

In support of his supplemental motion for a new trial, appellant filed the joint affidavit of Evie Emery and Orville France. The affidavits stated that a few minutes before the difficulty, when they were 30 feet from the residence of the prosecuting witness, Berlin Osborne came out of his house, slammed the door, and said, "If he don't do it I will kill the God damn son-of-a-bitch," and within four or five minutes they heard a shot fired. They further stated, in referring to Osborne "He was buttoning his coat and while they did not actually see a pistol they each, for themselves, say that they saw the bulk of something, look like a pistol." The appellant did not file his own affidavit negativing lack of diligence on his part in failing to discover this evidence before the trial. The only affidavit filed was that of the two newly discovered witnesses. The supplemental motion for a new trial failed to state that appellant had used diligence to obtain the evidence on the trial. Ordinarily, newly discovered evidence which is merely cumulative is not a sufficient ground for a new trial. Herd v. Commonwealth, 294 Ky. 154, 171 S. W. 2d 32, and we have consistently held that the defendant

must file his own affidavit showing that he could not, by the exercise of reasonable diligence, have known of the existence of the evidence until after the trial had concluded. Hamilton v. Commonwealth, 292 Ky. 307, 167 S. W. 2d 56; Jones v. Commonwealth, 264 Ky. 11, 94 S. W. 2d 42; Hatfield v. Commonwealth, 248 Ky. 342, 58 S. W. 2d 634. In Belcher v. Commonwealth, 247 Ky. 831, 57 S. W. 2d 988, 993, this court said:

"We have learned that alleged newly discovered testimony has become a handy and frequently resorted to route by which a convicted offender against the criminal laws seeks to avoid a verdict of a jury convicting him, and for that reason this and other courts have adopted the rule, not only that the alleged newly discovered evidence must be of such a nature and character as to clearly indicate that it might produce a different result at another trial wherein it could be heard by the jury, but also that the one seeking the benefit of it must make a convincing manifestation that he was deprived of it through no fault or dereliction of his own; and to that end he must make it appear that he made, or that there was made on his behalf, reasonably diligent efforts to discover the testimony before the trial but without avail, and which rule was promulgated and followed to escape impositions that might otherwise be imposed upon the court, as well as the injustice that might be visited upon the opposing litigant."

Here, the newly discovered evidence is partly though not wholly cumulative, but it is unnecessary to determine whether it is of such a character as to clearly indicate that it might produce a different result at another trial since the appellant failed to make any showing that he had exercised due diligence to discover it before the trial.

Present counsel, who did not represent appellant at his trial, argues that fixing the penalty for the crime committed at eight years' imprisonment for one only 17 years of age indicates that the verdict resulted from passion and prejudice, and is excessive. According to the evidence for the Commonwealth, the shooting resulted from slight provocation. Appellant's intention to kill is obvious. The victim, an able-bodied young man 29 years of age when the difficulty occurred, had a miraculous escape from death, and at the time of the

trial, nearly six months later, was an invalid as a result of the shooting. At common law a child under the age of seven years is conclusively presumed to be incapable of committing a crime. The common law rule raises a presumption of incapacity of an infant between the ages of seven and fourteen which is rebuttable, and the presumption is that the incapacity after seven years of age decreases with the progress of his years. There is nothing in the record tending to indicate that appellant does not possess average intelligence for one of his age, or that he was incapable of entertaining criminal intent at the time the crime was committed, or did not know his responsibility for his act. Being responsible for his acts, it cannot be said the verdict is excessive. We have consistently held that what constitutes adequate punishment for a particular offense is a matter of legislative discretion, and when the jury has fixed the penalty within the limits prescribed by the statute violated the judgment will not be interfered with on the ground of excessiveness. Weber v. Commonwealth, 303 Ky. 56, 196 S. W. 2d 465; McElwain v. Commonwealth, 289 Ky. 446, 159 S. W. 2d 11.

This shooting illustrates the folly and danger of carrying a deadly weapon on the person. If appellant had been unarmed on the occasion in question, it is unlikely that anyone would have been injured.

The judgment is affirmed.