# Bales v. Commonwealth

June 13, 1950.

R. C. Tartar, Judge.

Fritz Krueger for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Affirming.

Appellant was convicted of murdering Hershel Noe and his punishment fixed at confinement for life in the State Reformatory. He asks reversal of the judgment on the grounds that the Court erred (1) in permitting incompetent evidence to be introduced on behalf of the Commonwealth, (2) in permitting the clothing worn by the deceased at the time he was killed to remain on exhi-

bition before the jury, (3) in failing to admit competent evidence offered by the defendant, and (4) in failing to grant him a new trial on newly discovered evidence.

On the afternoon of July 31, 1949, the deceased and several other persons, including appellant, gathered at the home of William Taylor in Somerset. The evidence for the Commonwealth shows that appellant, who had been sitting on the floor of the room in which the group had gathered, got up and started toward the front door. Noe, who had been sitting on a bed, arose, accused Bales of mistreating his sister, and warned him not to do it again. Bales denied the accusation, called Noe a damned liar, and said: ''I come here to kill you and I'm going to kill you.'' He then fired five shots into Noe's body. Witnesses for the Commonwealth testified that Noe was unarmed, doing nothing to indicate a threat of physical violence to appellant, and was standing about five feet from the door. He died a few minutes later.

Appellant testified that as he was about to leave the house, the deceased arose from the bed, walked in front of appellant, and shaking his finger said: ''Andy Bales, I've had a debt I aim to pay you for a long time, he says, 'you beat my sister up while I was in the penitentiary,' I says, 'I beg your pardon, I didn't know you had a sister,' he says, 'you're a God damn lying son of a bitch, I'm going to kill you.' he had his hand on his pistol behind him, just as he said, you're a God damn lying son of a bitch, before I raised and wheeled around.''

Appellant then related that he ''jumped'' to the door, took a step backward, and the deceased fired at him twice before he shot the deceased. Neither of the shots fired by the deceased struck appellant, whilst all of the shots fired by appellant entered the chest of the deceased. It is conceded that there was sufficient evidence of guilt to submit the case to the jury and that the judgment should be affirmed, if the court did not err in the respects hereinbefore set out.

The alleged incompetent evidence was the introduction of the clothing of the deceased. It is contended that this evidence was incompetent because it served no purpose other than to inflame the minds of the jurors. We cannot agree with this contention. Two doctors examined the body of deceased, both of whom testified that

the bullets entered the body to the rear of the anterior and posterior medial line of the body. Appellant testified that the bullets entered the front of the body through the chest. The Commonwealth had the right to anticipate, under the plea of self defense, that the defendant would attempt to prove the bullets entered the front part of the body of the deceased; and, since, in those circumstances, there would be (and it developed there was) a conflict in the testimony on this issue, the clothing of the deceased unerringly would determine the question. The case of Horton v. Commonwealth, 312 Ky. 63, 226 S. W. 2d 526, relied on by appellant, is not in point because the clothing of the deceased in that case had no bearing whatever on an issue in dispute and was introduced solely for the purpose of inflaming the minds of the jurors. We, therefore, hold the evidence was competent.

While the trial was in progress, the Sheriff placed the clothing in view of the jury, where it remained for about five minutes, after which it again was concealed from the view of the jury by the Commonwealth's attorney. The record recites: "to all this the defendant objects and accepts, the court overruled said objection and motion." There is no other reference to the "motion." We are of the opinion that since the clothing was in evidence no prejudicial error was committed by permitting it to remain in the view of the jury for such a short length of time; but if it should be conceded that such was error, the record does not show that a motion was made to have the clothing removed or that the court's attention was called to the circumstances, complained of in time for him to have prevented the incident.

The evidence which appellant contends was competent, and to the introduction of which the court sustained an objection, related to circumstances which occurred the night before the commission of the crime for which appellant was on trial. Appellant attempted to show that the deceased was drunk and had been in a fight with two or three people the night before. It is not contended that appellant was one of the people referred to or that any threat was made against him during that period of time, nor did appellant attempt to prove any connection between the incident which occurred the night before, if it did occur, and the incident which resulted in

the death of the deceased. The mere fact that one engaged in a fight with two or three persons thirty-six hours before he was killed by a total stranger to the previous fracas does not establish a state of mind imputable to him on the later occasion. If, however, there should be such a connection between the first and second altercations as that the two were but incidents of the whole, the evidence of the former would be admissible to show the frame of mind of one of its participants against the other on the occasion of the last incident. The evidence rejected was of an incident or incidents wholly disassociated with the homicide. Appellant relies on Phillips' Committee v. Ward's Administrator, 241 Ky. 25, 43 S. W. 2d 331. Whilst the opinion does not show the facts distinguishing that case from this, we have examined the original record which discloses that the shooting of Ward was the final of several acts committed by Phillips pursuant to threats made two or three days previous to the homicide. The facts before us clearly are distinguishable from the facts proved in the Phillips' case. Appellant's contention that the evidence of previous altercations was competent must be rejected.

Finally, it is contended that the court erred in not granting a new trial on the ground of newly discovered evidence. The evidence was to the effect that the deceased, on the night before, told James Gleason that he was going to kill appellant "the first chance he got" because appellant had been "going with" his (Gleason's) wife. In support of the motion, appellant filed Gleason's affidavit. In Hatfield v. Commonwealth, 248 Ky. 342, 58 S. W. 2d 634, it was held that a motion for a new trial could not be considered where the defendant did not file his own affidavit showing diligence on his part in attempting to discover the new evidence before the first trial. Gleason's affidavit was the only one filed in support of the motion in this case, therefore the Trial Judge properly overruled the motion.

The judgment is affirmed.