**CHAMBERS v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Dec. 4, 1953.

Rehearing Denied Feb. 19, 1954.

Caswell P. Lane, Mt. Sterling, for appellant.

J. D. Buckman, Jr., Atty. Gen., Squire N. Williams, Jr., Asst. Atty. Gen., for appellee.

STEWART, Justice.

Appellant, Clifton Chambers, was indicted at the February term, 1952, of the Montgomery Circuit Court for the crime of malicious shooting and wounding with intent to kill. KRS 435.170(1). He was tried, found guilty and his punishment fixed at confinement in the penitentiary for ten years. The one point urged for reversal is that the lower court erred in overruling his motion for a new trial on the ground of newly discovered evidence.

On this appeal no question of fact is raised. A brief summary of the evidence discloses that on Sunday, October 14, 1952, Chambers, accompanied by Albert Estes, drove his automobile up to a filling station operated by one Boone Lee and ordered gasoline. Chambers and Estes were admittedly drunk and, following an argument over payment for the gasoline, Chambers and Lee fired one shot from a shotgun at each other and each claimed the other fired first. Lee testified he was struck by a shot in the finger and leg. Each introduced testimony that tended to corroborate his version of the affray.

Chambers presented the affidavits of Ruth Manning Chambers, his sister-in-law, and Doctor R. S. White, a chiropractor in the city of Mt. Sterling, in support of his motion. The purport of these affidavits would have been merely to rebut the testimony of Lee and his wife that Lee had been struck in the finger and leg by pellets from Chambers' shotgun. The affidavit of Chambers averred that he had made a diligent effort to discover "all evidence for my defense," but he failed to allege facts to establish that such diligence was actually exercised.

Section 271 of the Criminal Code of Practice authorizes the granting of a new trial when important, newly-found evidence indicates a manifest injustice has been done. We have held many times, however, that where the newly discovered evidence is merely cumulative, and such is the case here, it will not warrant the granting of a new trial. See Herd v.

Commonwealth, 294 Ky. 154, 171 S.W.2d 32. At most, the two affidavits first mentioned amount in the main to an attack upon the credibility of Lee and his wife as witnesses and in no way do they refute the actual circumstances of the shooting. Aside from this, Chambers' affidavit is fatally defective because it failed to set forth sufficient facts to support his allegation that due diligence was exercised by him. Spurlock v. Commonwealth, 311 Ky. 238, 223 S.W.2d 910; Hamilton v. Commonwealth, 292 Ky. 307, 167 S.W.2d 56; Ellis v. Commonwealth, 146 Ky. 715, 143 S.W. 425.

Wherefore, the judgment is affirmed.