Johnny S. BOYD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1965.

George S. Clay, Clay & Clay, Henderson, for appellant.

Robert Matthews, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Johnny Boyd was convicted of storehouse breaking and sentenced to imprisonment for one year. KRS 433.190. His appeal is based on the ground that the trial court erred in denying his motion for new trial based upon newly discovered evidence.

Shortly after 1:00 a. m. on June 15, 1964, a Morgantown police officer observed a suspicious circumstance at a concession stand. When the officer drove his police cruiser so that its lights played on the door of the stand he saw two young men hastily come from the shed. The officer testified that he recognized the two youths as Johnny Boyd, the appellant, and Joe Hutchinson. The pair fled and was not apprehended for several hours.

Hutchinson was a juvenile, and the prosecution as to him was had in the Juvenile Court. Hutchinson at first denied complicity in the crime, but after the County Judge had informed him of his decision to send Hutchinson to a detention center, the latter confessed that he had broken into the stand. However Hutchinson, maintained that his confederate had not been appellant Boyd, but Roger Hansbrough. Boyd steadfastly maintained his innocence. Hutchinson and Boyd are first cousins.

The indictment was returned against Boyd November 16, 1964; by court order of the same date the case was assigned for trial on February 23, 1965, at which time the trial was held. At the trial Hutch-

inson testified that Hansbrough, not Boyd, had been his companion in the crime. Boyd asserted an alibi and presented some evidence in support of that defense, although the jury did not elect to believe it. Hansbrough did not testify, nor was he subpoenaed. Boyd did not make any motion for continuance when the case was called for trial.

On February 26, 1965, appellant filed timely motion for new trial. RCr 10.02. One of the grounds advanced for new trial was newly discovered evidence. At that time no affidavit was filed in support of the motion for new trial. On April 19, 1965, appellant filed his own affidavit and the affidavit of Roger Hansbrough; the Commonwealth filed no affidavit countering those filed by appellant, nor was any objection made to the filing of the affidavits by appellant.

Appellant's affidavit recited that he had made diligent effort to have Hansbrough testify as a witness in his behalf; that Hansbrough had admitted to appellant that he, Hansbrough, was the other person with Hutchinson. The affidavit related that Hansbrough had been beyond the jurisdiction of Kentucky, in parts unknown to appellant, at the time of the trial. It was shown in the evidence at the trial that Hansbrough had left town just after the incident, but that he had returned after two or three months and remained in and about the area until about two or three weeks before the trial.

Hansbrough's affidavit flatly states that Hansbrough, not Boyd, was the accomplice of Hutchinson, and further states that " * * * in the event a new trial should be granted to the said Johnny S. Boyd that this affiant will testify therein and give his evidence as above set out."

■ The Commonwealth contends that since appellant made no motion for continuance when the trial was called, he cannot now be heard in the present motion. Generally, the position taken by the Com-

monwealth would prevail. In this case, however, we feel that the motion for new trial should have been granted, despite appellant's failure to move for a continuance based on the absence of Hansbrough. It is normally true that a defendant is required to show the probable availability of an absent witness for a future trial before a continuance will be granted on account of the absence of the witness. In this case appellant could not make such a representation because Hansbrough was deliberately concealing himself. Even so, a litigant may make the affidavit as to what the absent witness would say, and thus obtain the benefit of his "testimony" in absentia. See Patton v. Commonwealth, 235 Ky. 845, 32 S.W.2d 405.

More important, we think, is the practical view of this situation. Had the appellant made motion for continuance at the February trial, based on Hansbrough's absence, and incorporating the averment that Hansbrough would testify that Hansbrough had committed the felony the court could have permitted the affidavit to be read as was done in Patton, just cited. But we think it is unquestionable that in such a situation the effect of Hansbrough's "testimony" would have been nil. Accordingly, we cannot say that appellant failed to show diligence as to obtaining Hansbrough's testimony.

■ We are mindful of the host of authorities which enunciate the salutary rule that newly discovered evidence will not support a motion for a new trial unless it be of such decisive value or force that it would, with reasonable certainty, have changed the verdict, or that it probably would change the result if a new trial should be granted. Cf. Kinmon v. Commonwealth, Ky., 383 S.W.2d 338. Cf. 24 C.J.S. Criminal Law § 1484 a, pp. 281–284. It is our view that the testimony of Hansbrough, if given in open court by Hansbrough, is of that caliber.

The judgment is reversed with directions to grant appellant a new trial.

PALMORE, J., not sitting.

MONTGOMERY, J., dissenting.

MONTGOMERY, Judge (dissenting).

I cannot agree with the majority opinion because the appellant failed to show an exercise of proper diligence in obtaining the testimony of Roger Hansbrough, and I think the trial judge exercised a proper discretion in denying the motion for a new trial.

The facts, as stated in the majority opinion, show an utter lack of diligence on the part of appellant. He had more than three months' notice of the trial date. He did not avail himself of the use of a subpoena to secure Hansbrough's presence at the trial. He made no motion for a continuance before trial because of the absence of Hansbrough. These things are matters of record which did not have to be shown by affidavit or otherwise. The question of newly discovered evidence was raised three days after the trial, but there is no showing that the evidence was newly discovered or that appellant had not known about it in time to have Hansbrough testify at the trial. The failure to show proper diligence has been held to be fatal. Chambers v. Commonwealth, Ky., 264 S.W.2d 61; Bales v. Commonwealth, 313 Ky. 272, 231 S.W.2d 61.

Further, I cannot agree that the claimed newly discovered evidence meets the standard required in Kinmon v. Commonwealth, Ky., 383 S.W.2d 338, and the cases cited therein.

The trial judge has a broad discretion in granting or denying a new trial. This Court should not interfere except when such discretion has been clearly abused. Combs v. Commonwealth, Ky., 356 S.W.2d 761; Commonwealth, etc. v. Shelton, Ky., 248 S.W.2d 895. I do not think that the trial judge abused his discretion here.

For these reasons I dissent.

STEWART, J., concurs.