**Charles Virgil WHEELER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 30, 1965.

Rehearing Denied Nov. 5, 1965.

Julius Rather, Richard E. Vimont, Lexington, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Charles Virgil Wheeler, was found guilty of aiding and abetting in an armed assault with intent to rob and was sentenced to a term of 21 years in prison. KRS 433.150. His conviction was affirmed on appeal. Wheeler v. Commonwealth, Ky., 395 S.W.2d 565 (decided April 17, 1964). While the appeal was pending he moved for a new trial on the ground of newly discovered evidence. RCr 10.02, 10.06. This appeal is taken from an order of the trial court overruling the motion for new trial.

As the essential facts of the case are detailed in the opinion resolving the first appeal they need not be restated here.

The principal item of new evidence is the sworn statement, given in question and answer form during an interview with Wheeler's counsel, of one Kenneth Simmons, an inmate of the reformatory at LaGrange, to the effect that Simmons and an accomplice named Junior Cochran (now deceased) committed the robbery in question and that Wheeler was not implicated in any way. Simmons was thereafter convicted of another offense and sentenced to 10 years in prison. He says that Cochran took the checks from the Springs Motel and later told him he had sold them and that the man to whom he had sold them had

been arrested. This and other details of Simmons's statement corroborate Wheeler's story that he had bought the checks found in his possession from some man at the Shawnee Restaurant in Portsmouth, Ohio, during the afternoon of September 8, 1961, the robbery having been committed at Lexington, Kentucky, at about daybreak that morning.

In addition to the statement of Simmons, Wheeler presented affidavits of the sheriff and a deputy sheriff of Wayne County, West Virginia, that they had seen and talked to Wheeler at the Holiday Inn Restaurant in Huntington, West Virginia, at 6:30 or 7:00 A.M. on September 8, 1961; the affidavit of a hostess at the Shawnee Restaurant in Portsmouth, Ohio, to the effect she saw Wheeler buy or cash some checks for another man in the restaurant at about 3:00 P.M. on September 8, 1961; the affidavit of Wheeler's niece to the effect that during the night of September 7–8, 1961, he had come to her family's home in Ashland, said he had wrecked his car, and wanted someone to take him back to the motel where he was staying in Huntington, whereupon the affiant and her date did take him to the Holiday Inn at Huntington and last saw him there at approximately 1:00 A.M. on September 8, 1961; and the affidavit of Wheeler's counsel asserting due diligence and giving the following reasons why this various information had not been presented at the trial:

1. The involvement of Simmons was not known or discoverable.

2. Counsel did not know the West Virginia sheriff had seen Wheeler on the morning of September 8, 1961, the information having been lately volunteered by the sheriff.

3. At the time of the trial the hostess at the Shawnee Restaurant in Portsmouth had moved without leaving a forwarding address.

After the motion for new trial and supporting documents were filed the Common-

wealth had T. E. King, the victim of the robbery, and a detective from the Lexington Police Department go to LaGrange and interview Simmons. At a subsequent hearing on the motion for new trial they testified that Simmons did not recognize King and was not familiar with the layout of the Springs Motel, where the holdup took place. At the same hearing King was shown a photograph of the lately deceased Junior Cochran, claimed by Simmons to have been his only accomplice, and King was positive that neither Simmons nor Cochran was the man he let into the motel office on the morning of September 8, 1961.

There was other evidence and counter-evidence of an impeaching nature, some in the form of testimony and some given by affidavit, but what has been thus far outlined is enough to orient a discussion of the arguments.

■ It will be noted that the motion for new trial is not supported by an affidavit of Wheeler himself. The oft-repeated rule is that a motion for new trial on the ground of newly discovered evidence will not be considered unless the defendant files his own affidavit showing diligence in attempting to discover the new evidence before the first trial. Bales v. Commonwealth, 313 Ky. 272, 231 S.W.2d 61 (1950). "Generally, it is essential that a motion for a new trial based on newly discovered evidence be supported by the affidavits of the accused, his counsel, and the new witnesses." 24 C.J.S. Criminal Law § 1484 c, p. 286.

■ It is contended for Wheeler that there is no reasonable basis for a rule requiring the defendant himself to make an affidavit when it is done by his attorney. This overlooks the fact that the affidavit is in the nature of testimony. Counsel cannot speak for his client in the sense of giving the client's testimony. On the question of newly discovered evidence it is necessary that the diligence of both be shown. In this particular instance the sheriff's affidavit says that he and his deputy had coffee with Wheeler at the Holiday Inn at Hunt-

ington early in the morning of the day on which Wheeler was later arrested. If that is true Wheeler knew it, and we are left to wonder why such vital evidence was not developed at the trial. It is not enough for counsel to say *he* was not aware of it. What was Wheeler's excuse? See Spears v. Commonwealth, 219 Ky. 101, 292 S.W. 753 (1927).

■ With regard to the sheriff, his deputy, and Wheeler's niece, there was not a sufficient showing of diligence to require consideration of their affidavits.[1] As to the hostess at the Shawnee Restaurant in Portsmouth, Ohio, the record does not indicate any effort to obtain a continuance in order to discover her and solicit her presence or to introduce an affidavit under the conditions prescribed by RCr 9.04. And again, as in the instance of the others, counsel's diligence in this respect is not necessarily tantamount to diligence on the part of Wheeler himself.

■ The record does not tell us how or when Simmons and his willingness to make a clean breast of it came to light.[2] Perhaps, however, even in the absence of an affidavit by Wheeler, common sense and the law of probabilities warrant an assumption that this item of newly disclosed evidence was not known and could not have been timely discovered by the exercise of reasonable diligence. Nevertheless, in view of the counter-evidence produced by the Commonwealth we are unable to say that the trial court abused its discretion in denying a new trial.

■ "The rule is that in order for newly discovered evidence to support a motion for new trial in a criminal case it must be of such decisive value or force that it

would, with reasonable certainty, have changed the verdict or that it would probably change the result if a new trial should be granted." Kinmon v. Commonwealth, Ky., 383 S.W.2d 338 (1964). Cf. 24 C.J.S. Criminal Law § 1484 a, pp. 281–284.

■ RCr 10.08 provides that on a motion for new trial supported by affidavits the Commonwealth has ten days to serve opposing affidavits, which time may be extended "for an additional period not exceeding twenty days." Wheeler's motion was made on May 22, 1964, and supplemented on June 18, 1964. There was no order extending the Commonwealth's time and no formal order setting a hearing date, though it is apparent that the hearing was prearranged for a time that was convenient to counsel and the court. Counsel for Wheeler contends that the counter-evidence produced by the Commonwealth at the hearing should not have been received. The trial court was at first disposed to agree, and admitted the evidence by way of avowal. But after hearing it he decided that the Commonwealth was entitled to present it.

RCr 10.08 is taken from CR 59.03. According to Clay's Kentucky Practice, CR 59.03, Note 3, "it would appear that the court may for good cause alter the time limits fixed by this Rule." We think it is discretionary, and it does not seem to us that the trial court abused its discretion in admitting and considering the evidence. It is our opinion also that the reception of testimony in lieu of affidavits is discretionary. If a party is surprised by the substance of the testimony, the remedy lies in a motion for such further time as justice may require for preparing a rebuttal.

The judgment is affirmed.

---

1. There are, incidentally, some definite inconsistencies between the details recited in the affidavits of the sheriff and deputy sheriff and the testimony given by Wheeler at the trial.

2. Wheeler's brief suggests that his counsel received a "tip" that Simmons wanted to see him.