**Cecil Lee LONG, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 10, 1967.

Gerry L. Calvert, Lexington, for appellant.

Donald Moloney, Lexington, Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of armed robbery and sentenced to imprisonment for ten years. KRS 433.140. He appeals on the ground that the trial court erred in overruling his motion for a new trial based on newly discovered evidence. RCr 10.06.

This evidence was presented in three affidavits, two of which were signed by employees of a night club and supported appellant's alibi that he was in this club when the robbery was committed elsewhere. The third affidavit was signed by the former wife of the victim of the robbery and she stated that he was an ex-convict and would not tell the truth.

No motion for a continuance was filed nor does the motion for a new trial or the supporting affidavits contain an allegation that appellant exercised diligence to obtain the so-called newly discovered evidence before the trial began. Ordinarily, the failure to show that proper diligence has been exercised will be fatal. Wheeler v. Commonwealth, Ky., 395 S.W.2d 569; Boyd v. Commonwealth, Ky., 394 S.W.2d 934; Hatfield v. Commonwealth, 248 Ky. 342, 58 S.W.2d 634. The record reveals that appellant announced ready for trial when he knew that the testimony of certain employees of the night club, who had not been subpoenaed as witnesses, would tend to support his alibi.

■ Appellant's court-appointed attorney informs us by his brief that on two occasions he visited the night club before the trial in an effort to obtain the names of witnesses who knew material facts about the case. Nevertheless these efforts would not satisfy the requirement of diligence. Under the facts of this case appellant, his family and his friends had a duty to timely acquaint appellant's attorney with the whereabouts of persons who could testify in the case. (The motion for a new trial reflects that such persons were located at the night club soon after appellant's conviction.)

Since the record fails to show the exercise of proper diligence we are unwilling to hold that the trial court abused its discretion by overruling the motion for a new trial.

The judgment is affirmed.

All concur.