**William Orville CAPPS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 19, 1971.

James H. Waitman, Gwin, Iler & Waitman, Richard S. Taylor, Miller & Taylor, Owensboro, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an RCr 11.42 criminal proceeding combined with a motion for a new trial on the ground of newly discovered evidence. Appellant was given a full hearing on his motions, and they were overruled.

Appellant, along with one Taylor, was charged with the theft of an automobile. He was also charged with being a habitual criminal. He was represented by appointed counsel. After several continuances of his case he pleaded guilty to the theft charge and was sentenced to five years in the penitentiary.

KRS 210.360(1) (formerly KRS 203.340) prescribes procedure for a psychiatric examination of one charged as a habitual criminal. Appellant was not given such examination. It is contended that this voided the judgment even though appellant pleaded guilty on another charge. In Mercer v. Commonwealth, Ky., 346 S. W.2d 761 (1961); Etherton v. Commonwealth, Ky., 379 S.W.2d 730 (1964), and Davenport v. Commonwealth, Ky., 390 S. W.2d 662 (1965), it was held that failure to give this examination does not render a judgment of conviction void, and it is not a ground for setting aside a judgment under RCr 11.42.

Appellant's next contention is that he was denied effective assistance of counsel. Admittedly appellant's counsel consulted with him on several occasions, investigated the basis of the charge against

him and advised him of his rights. It is argued that counsel failed to interview witnesses, and particularly appellant's codefendant Taylor. However, appellant failed to advise his counsel of any witnesses who could help his cause and failed to advise him that Taylor might exonerate appellant of complicity in the crime. As we read the record of the hearing, appellant did not attempt to convince his counsel that he was innocent of the charge. Before the trial judge would accept his plea of guilty he thoroughly questioned appellant concerning his satisfaction with the representation he had received, and at that time appellant raised no objection. More or less as an afterthought he now insists that though his counsel declared himself ready for trial, he had not satisfactorily prepared appellant's defense (if he had one). It is apparent from the record that his counsel competently represented him and we find no error in the trial judge's decision on this point.

■ Related to the foregoing ground is the contention that appellant's plea of guilty was coerced. The claim here is that his counsel and the Commonwealth's attorney, in various conferences, sought to impress upon him the possible penalty which might be imposed on the habitual criminal charge if he went to trial. The fact is, appellant admitted he was a habitual criminal and it appears that he was fully aware of the risk of a heavier sentence if he went to trial. To say that he was coerced because he was reminded of this fact is untenable. See Commonwealth v. Campbell, Ky., 415 S. W.2d 614 (1967). It was he who called his counsel from jail to say he wished to plead guilty.

■ In this connection it is urged that appellant was afraid that his counsel at a trial would not raise a question of identification. He had no reasonable basis for such a fear. Assuming identification would be an issue at the trial, which it could not have been in this case if he planned to testify in his own defense, it is

evident from this record that the claims of ineffective representation and coercion, so well developed by most competent counsel in the present proceeding, were completely refuted by the thorough examination to which appellant was subjected by the trial judge before accepting his plea of guilty. It is clear that appellant knowingly, freely and voluntarily entered a plea of guilty to a lesser charge after adequate and competent legal advice.

■ Finally we come to appellant's motion for a new trial on the ground of newly discovered evidence. This consisted of the testimony of appellant's codefendant Taylor to the effect that he alone stole the automobile and that appellant just happened to be riding around with him. The two parties had been together most of the day, before and after the theft. (Taylor pleaded guilty and is serving a one-year sentence.) The trial judge took the view that there was lack of diligence upon the part of appellant in failing to advise his counsel that Taylor could exonerate him of guilt. We have recognized that on a claim of newly discovered evidence the defendant must establish that he, as well as his counsel, was diligent. Wheeler v. Commonwealth, Ky., 395 S.W.2d 569 (1965). He may not withhold from his lawyer the source of exonerating evidence and then after conviction fairly assert that the evidence is newly discovered. See Spears v. Commonwealth, 219 Ky. 101, 292 S.W. 753 (1927).

It may be observed further that even if we assumed diligence, Taylor's story does not have the ring of truth. It does not have such decisive value or force, in view of all the circumstances, that it would with reasonable certainty result in a verdict of not guilty upon a trial. See Kinmon v. Commonwealth, Ky., 383 S.W.2d 338 (1964); and Polsgrove v. Commonwealth, Ky., 439 S.W.2d 776 (1969).

The judgment is affirmed.

All concur.