977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Edward BROWN, Sr., Petitioner-Appellant,
v.
Michael O'DEA, Warden, Respondent-Appellee.
 No. 92-5340.
 United States Court of Appeals, Sixth Circuit.
 Oct. 8, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and HIGGINBOTHAM, Senior Circuit Judge.*
 
 ORDER
 
 1
 Charles Edward Brown, Sr., a Kentucky state prisoner proceeding without assistance of counsel, appeals from the judgment of the district court denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In his appellate brief, he seeks appointment of counsel.
 
 
 2
 Brown was tried by a jury and convicted of receiving stolen property over $100 (a Class D Felony, punishable by 1 to 5 years imprisonment), unlawful taking over $100 (a Class D Felony), and of being a persistent felony offender in the first degree (PFO I). He was sentenced to five years imprisonment on each substantive charge, to be served consecutively. The terms of imprisonment were enhanced to ten years each in accordance with Kentucky's PFO statute, to be served consecutively for a total of twenty years. His conviction was affirmed on direct appeal to the Kentucky Supreme Court. Brown sought habeas relief in the district court on two grounds. He claimed that he was convicted "by use of evidence that did not belong to [him]." Brown also contended that the Kentucky trial court erred when it failed to order a psychiatric evaluation pursuant to KRS 210.360(1) after his indictment as a persistent felony offender.
 
 
 3
 The district court held that the alleged erroneous admission of improper evidence did not constitute an "error of constitutional dimension nor did it infect petitioner's entire trial with constitutional error." Additionally, the district court held that Brown's argument with respect to the state's failure to appoint a psychiatrist did not raise an error that resulted in a fundamentally unfair trial in light of the fact that no allegation or indication of mental incompetence was raised at trial.
 
 
 4
 Brown challenges the admissibility of evidence (stolen merchandise) that was aggregated to raise the classification of his offense from a misdemeanor to a felony. An issue concerning admissibility of evidence does not arise to a level of constitutional magnitude unless it can be viewed as so egregious that petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Questions of state law rarely serve as a basis for habeas corpus relief. Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). It is not the province of a habeas corpus court to reexamine state court determinations on state law questions. Id. at 480. Kentucky law provides that the value of stolen items can be aggregated. Hensley v. Commonwealth, 655 S.W.2d 471 (Ky.1983). Recently, a Kentucky intermediate state appellate court has reaffirmed that the nature of the transaction i.e., a general larcenous scheme or a single continuous criminal intent, determines whether it was a series of offenses. Commonwealth v. Caudill, 812 S.W.2d 158, 159 (Ky.Ct.App.1991). The admission into evidence of the aggregated amount did not deprive Brown of a fair trial.
 
 
 5
 Brown's second allegation of error is that he was denied a fair trial because the trial court did not order a psychiatric examination as prescribed by KRS 210.360. The purpose of KRS 210.360 is to permit the Corrections Cabinet to determine whether one indicted under the PFO statute should be committed to a mental hospital rather than a penal institution. Jones v. Davis, 233 F.Supp. 949 (W.D.Ky.), aff'd 336 F.2d 594 (6th Cir.1964). Failure to give the psychiatric examination does not render a judgment of conviction void, and it is not a ground for setting aside a judgment under RCr 11.42. Capps v. Commonwealth, 465 S.W.2d 42 (Ky.Ct.App.1971).
 
 
 6
 Accordingly, the request for appointment of counsel is hereby denied and the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable A. Leon Higginbotham, Jr., Senior Circuit Judge, U.S. Court of Appeals for the Third Circuit, sitting by designation