**Sidney RICE, Appellant,**

v.

**David L. DAVIS, Warden, Kentucky State Reformatory, LaGrange, Ky., Appellee.**

Court of Appeals of Kentucky.

March 22, 1963.

Sidney Rice, pro se.

John B. Breckinridge, Atty. Gen., William F. Simpson, Asst. Atty. Gen., Frankfort, for appellee.

STEWART, Chief Justice.

Appellant, Sidney Rice, was convicted in the Bourbon Circuit Court of the offense of wilfully and maliciously shooting and wounding another with intent to kill, and sentenced to 20 years' imprisonment in the state reformatory at LaGrange. See KRS 435.170(1). Thereafter he filed in the Oldham Circuit Court a petition for a writ of habeas corpus. The writ was denied without a hearing and the petition was dismissed. He now appeals from the judgment entered.

Appellant's petition was supported by affidavits made by himself, his wife, his son and three persons not related to him. These affidavits were not challenged by the Commonwealth and constitute the bulk of the proof in this case. The errors and irregularities pointed up by these affidavits, if true, tend to support the proposition that certain of appellant's fundamental or constitutional rights were ignored or disallowed.

The record of appellant's trial consists of the indictment, the instructions, the verdict, a motion for, and the denial of, probation, a motion and grounds for a new trial, and an order overruling this motion and the granting of an appeal to this Court. There is no transcript of evidence. According to the statements of appellant and his affiants, he asked his attorney to obtain a court reporter and, when this person failed to do so, he requested the trial court either to provide a reporter or permit him to hire one. The trial court refused to furnish a reporter or allow him time to secure one, it is asserted.

It is possible that a bystander's bill of exceptions would have been accepted by this Court. However, it appears appellant's attorney was less than diligent in his handling of this matter since he did not undertake to prepare one. Other charges of an extremely grave nature are set forth in the affidavits which, because they are not rebutted, must be presumed to show that appellant's counsel either refused or failed to afford him adequate representation.

■ The instant action is an attack on a judgment and, generally speaking, habeas corpus jurisdiction will only lie where the judgment is void. See Smith v. Henson, 298 Ky. 182, 182 S.W.2d 666. Ordinarily, in such a proceeding in this forum the only questions open to review after a conviction are whether the court had jurisdiction of the person and the offense; and whether the sentence pronounced was one authorized by law. In the absence of exceptional circumstances, habeas corpus is not to be resorted to as a substitute for an appeal or as an alternate remedy for the correction of errors either of law or fact.

■ However, for "incurable, radical and fatal defects plainly and indisputably manifest of record, relief should be granted even on habeas corpus." 39 C.J.S. Habeas Corpus § 15, pp. 444–448. Also, this same volume on the same subject on page 449 states that "* * * the use of the writ of habeas corpus has been held to extend to cases where the conviction has been in disregard of the accused's constitutional or fundamental rights which result in the absence or loss of the jurisdiction of the court, and the writ is the only effective means of preserving those rights."

In state courts, the usual inquiry in proceedings of the type before us, under the older view, is limited to questions of whether the court had jurisdiction of the offense and the person of the accused. The newer view is that a judgment may be void and thereby subject to attack for certain extreme irregularities other than the lack of jurisdiction of the offense and the person after the judgment or sentence. See Annotation, 146 A.L.R. 386. Such states as Georgia, Kansas, Oklahoma, West Virginia, Pennsylvania, Nevada, and New York have recognized this rule. See same Annotation, pp. 388 to 394. Also the United States Supreme Court adheres to this principle of law. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

KRS 28.430 provides, in part:

"(1) (a) Upon any trial or proceeding if either party requests the services of the reporter, * * * the presiding judge shall direct the reporter to, and the reporter shall, take full stenographic notes of the proceedings.

\* \* \* \* \* \*

"(2) In all criminal proceedings, upon the motion of either party the court shall order the reporter to make a full and accurate transcript * * *."

In Woods v. Commonwealth, Ky., 305 S.W.2d 935, this statutory provision was held to be a mandatory requirement and a failure of the trial court to comply therewith was reversible error. An examination of the record in the Woods case discloses that it included a bystander's bill of exceptions, signed by the appellant's attorney, narrating the evidence presented and reciting that the appellant asked for a reporter and his request was disallowed. Also in that record, in a paper entitled "Proceedings, Jury and Verdict," the fact was stated that the circuit court overruled the appellant's motion for a court reporter. Thus, appellant in the Woods case had some record to bring to this Court on appeal but it was deemed insufficient and it was ruled a substantial right was denied when the trial court refused to have the case reported.

In the present case, due to the lack of diligence on the part of his attorney, appellant had nothing to present to this Court in the event of an appeal, because in the absence of the transcript of evidence no error claimed to have been committed during the trial was available for review. Such errors may be preserved for consideration by this Court only if the proof is taken down and made permanent.

■ Ordinarily the right to appeal is not a constitutional one, or an essential to the due process of law; however, such a right may become so closely related to the preservation of a constitutional safeguard, where the liberty of an individual is involved, as to warrant the use of habeas corpus as a corrective measure to prevent the unlawful deprivation of such a right. See Annotation, 19 A.L.R.2d 792.

Appellant's right to assistance by counsel is guaranteed by Section 11 of the Constitution of Kentucky and by Amendment VI to the Constitution of the United States. This Amendment has been interpreted by the federal courts to mean "effective" assistance. See Thomas v. District of Columbia, 67 App.D.C. 179, 90 F.2d 424. In Berry v. Gray, D.C., 155 F.Supp. 494 (a Kentucky case in which the Honorable Roy Shelbourne sat as judge) the petitioner was convicted of rape and his punishment was fixed at life imprisonment. After his petition for a writ of habeas corpus was denied by the courts of this state, he applied to the United States District Court for the Western District of Kentucky. The facts in the petition in the latter court posed the same question that was raised in the state court. This was that he did not have adequate representation by counsel at his trial. It was decided the allegations of the petition on this point were supported by the evidence. The district court held:

"It is immaterial whether such counsel was appointed by the Court or selected by the accused, in the absence of facts constituting a waiver of the right. (Citing cases.) The prejudice to a defendant from the failure to have the effective assistance of counsel results whether counsel is court appointed or selected by the accused. The right 'is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.'" (Citing cases.)

■■ Effective representation by counsel, in order to satisfy the accused's constitutional right to a fair trial, is a rule of law that has been strictly construed. It must mean representation so lacking in competence that it becomes the duty of the

court to observe such a condition and correct it. Allegations of serious mistakes on the part of an attorney, standing alone, even where harm results, are not a ground for habeas corpus. In all the cases decided on this subject, the circumstances surrounding the trial must be such as to shock the conscience of the court and make the proceeding a farce and a mockery of justice. See Diggs v. Welch, 80 U.S.App.D.C. 5, 148 F.2d 667.

 Furthermore, the lack of skill and the unfitness of the attorney may be imputed to the defendant who employed him, the acts of the attorney thus becoming those of his client unless they are rejected and such a fact is made known to the court. See Tompsett v. State of Ohio, 6 Cir., 146 F.2d 95, at page 98, which made this statement on the same point: "A defendant cannot seemingly acquiesce in his attorney's defense of him or his lack of it and, after the trial has resulted adversely to the defendant, obtain a new trial because of the incompetency, negligence, fraud or unskillfulness of his attorney." This case also held this principle may not be relied upon when it is made to appear that "the defendant is ignorant of his rights and unacquainted with the course of proceedings in criminal cases."

Upon the basis of the facts presented we conclude appellant has made out a prima facie case that he was not afforded effective assistance of counsel at his trial in the Bourbon Circuit Court. There were, assuming the affidavits truthfully state what occurred, many reversible errors committed during the course of the trial which tend to show he was the victim of injustice. If appellant had had adequate representation the proper steps would no doubt have been taken to preserve the errors of the trial court for consideration and possible rectification by this Court. Since the appeal channel was never open to him and, furthermore, since he was apparently deprived of a fair trial, we believe appellant is entitled to a full and complete hearing on each of the material issues raised in this proceeding.

We are changing the rule in Kentucky applicable to habeas corpus, so that it will conform to the federal rule, noted above. Therefore, to the extent our former holdings on this subject are in conflict with this opinion they are overruled. See Kentucky Digest Habeas Corpus ⚖️29.

Wherefore, the judgment is reversed with directions that the writ issue.