**Kenneth Wayne ETHERTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 29, 1964.

Kenneth Wayne Etherton, pro se.

Robert F. Matthews, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Kenneth Wayne Etherton, serving a life sentence under the Habitual Criminal Act, made an RCr 11.42 motion in the court of his conviction to vacate the judgment. Counsel who had represented him in his trial was appointed and did represent him at the hearing on his motion, and the relief sought was denied. This is an appeal from the ruling denying the relief sought by his motion to vacate the judgment of conviction.

The issue raised pertains to the construction placed upon KRS 203.340 which requires prompt notice to be given to the Commissioner of Mental Health in cases where an indictment is returned under the Habitual Criminal Act so that a Department psychiatrist may examine the defendant "to determine his mental condition and the existence of any mental disease or defect which would affect his criminal responsibility * * *" when the Department can spare a psychiatrist from his regular duties. A Department psychiatrist examined the prisoner about eighteen months after the indictment, but before his final trial, and found him of sufficient understanding of right and wrong to stand trial. The contention raised here is that the psychiatric examination given did not determine his mental condition at the time of the commission of the offense—that it did not determine

whether he suffered "any mental disease or defect which would affect his criminal responsibility" at the time of the commission of the crime.

The statute, KRS 203.340, has been construed as not requiring such an examination as being a condition precedent to subjecting the accused to trial, and failure to hold such an examination does not void the conviction. Mercer v. Commonwealth (1961), Ky., 346 S.W.2d 761. In Harrod v. Commonwealth (1950), 311 Ky. 810, 226 S.W.2d 4, the purpose of the statute was found to be to determine whether such an accused should be sent to one of the State's penal institutions or to one of its mental hospitals, and we expressly declared, "It is manifest that the prisoner acquires no right to such an examination under the statute itself."

We adhere to that construction of the statute, and the judgment is affirmed.