**Ernest L. PERKINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 25, 1964.

**394**

Ernest L. Perkins, pro se.

John B. Breckinridge, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

■ Ernest L. Perkins was convicted and his sentence of ten years' confinement for maliciously shooting into a dwelling house was affirmed. Perkins v. Commonwealth, Ky., 342 S.W.2d 102. In a motion seeking relief under CR 60.02, he has asked that the sentence be vacated. The trial court treated the motion as one under RCr 11.42 and denied relief. No objection has been made by appellant to this procedure although RCr 11.42 supplements CR 60.02 instead of supplanting it. See Comment, RCr 11.42. It will be considered here as a motion under RCr 11.42.

Appellant married Billie Gosney on April 7, 1945. She was granted a divorce July 8, 1959. Following the divorce, Billie married John Linkous. Appellant's conviction was based on the charge that he shot into the dwelling of his mother-in-law.

Fifty-nine affidavits and exhibits were filed by appellant which, in substance, were intended to show newly discovered evidence concerning the relationship existing between appellant's then wife and John Linkous prior to the divorce and to show that certain testimony given at the trial was perjured.

■ Newly discovered evidence is not a ground for relief under RCr 11.42, but it is a ground under RCr 10.06. No claim for relief under CR 60.02, subsection (2), is made because of newly discovered evidence. The motion to vacate was filed March 5, 1963. The judgment became final in 1961. The newly discovered evidence produced is untimely under the one year limitation. RCr 10.06. There is no showing that the time was extended. Thus, appellant is not entitled to relief on the basis of newly discovered evidence.

He urges that the evidence produced shows that his wife, mother-in-law, and John Linkous gave perjured testimony on his trial. Unless this constitues a valid collateral attack on the judgment, there is no ground for available relief alleged by appellant under RCr 11.42.

■ ■ As previously indicated, much of the testimony offered dealt with the relationship between appellant's ex-wife and John Linkous. The trial court found that the matters presented were immaterial to the proof of the charge of maliciously shooting into a dwelling house. At best, the testimony offered might have affected the credibility of two witnesses on immaterial points. The judgment rendered recites that prior to the trial and verdict of ten years' imprisonment appellant had pleaded guilty and had accepted a sentence of two years. He was tried after he with-

drew his plea of guilty. Neither the record of appeal from his conviction nor the record here contains any hint that the verdict was not sustained by the evidence. The evidence offered by appellant is immaterial and irrelevant to the charge upon which he was convicted, and it is not adequate to sustain a collateral attack on the judgment of conviction. The trial court was correct in so holding.

After this case was appealed, appellant offered three more affidavits purporting to contain further testimony to be considered in his behalf. Such affidavits were not considered by the trial court, are not part of the record on appeal, and will not be considered on appeal.

Judgment affirmed.