**Sam BIVENS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 7, 1965.

---

John Y. Brown, William H. McCann, Brown, Sledd & McCann, Lexington, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, William Gant, Commonwealth Atty., Owensboro, for appellee.

CLAY, Commissioner.

This is a proceeding under RCr 11.42 on the ground appellant was denied his constitutional right to be adequately represented by counsel and participate in his own defense. He has been here before in a habeas corpus proceeding. Bivens v. Jones, Ky., 350 S.W.2d 165. The trial court denied his motion to vacate or reduce his sentence.

Appellant was tried on the charge of wilful murder in 1961. He was then represented by counsel employed by him. He originally pleaded not guilty, but during the course of the trial changed that plea to guilty. He was convicted and sentenced to life imprisonment.

At the trial there was overwhelming evidence that appellant had committed the crime with which he was charged. His version of the killing, given on the hearing of the motion before us, did not differ substantially except that he suggested the possibility of self-defense.

The basis of appellant's motion to vacate the sentence is keyed to the following facts. About three years prior to the commission of the crime he had an emotional and mental disturbance and in 1958 entered the Evansville State Hospital in Indiana on a voluntary temporary commitment. He was there for approximately three months, receiving treatment for what was diagnosed as a "sociopathic personality" and "alcoholism". After marked improvement, he was discharged February 15, 1959. The crime was committed about a year and a half later and the trial took place four months thereafter.

Though appellant suggests the possibility that he may have had a defense of insanity to the charge of murder, the facts shown in this record would not permit such an inference. Appellant in his brief nowhere asserts that he was at any time insane.

Appellant undertook to prove that after his arrest he was "nervous and upset" and that during the trial he was in a somewhat dazed condition. However, he does not contend that his mental or physical condition was such that he was incapable of standing trial.

The real basis of appellant's argument is that his lawyer was unaware of the past history of his mental health and treatment, and because of this lack of knowledge he was not in a position to furnish adequate representation. The lawyer testified that prior to the trial he had no information that appellant had received treatment or medication for an emotional or mental disorder and did not know that he had been

in a mental hospital. He further testified that he had been unable "to adequately confer" with appellant before and during the trial, and that he did not believe appellant understood the gravity of the proceedings against him.

To stretch these facts into a claim of inadequate or ineffective representation puts a terrific strain on the concept. In Rice v. Davis, Ky., 366 S.W.2d 153, we held in substance that ineffective representation by counsel means representation so lacking in competence that the defendant has actually been deprived of his legal rights under such circumstances as to shock the conscience of the court. We of course have nothing of the sort here.

■ What we do have is simply a lack of collateral information which may or may not have been utilized by appellant's lawyer, if it could have been, in defending his case. Certainly counsel's lack of knowledge could not in itself constitute inadequate representation. Assuming without deciding that the failure of a lawyer to obtain certain facts regarding his client's case could constitute inadequate or ineffective representation, clearly (1) those facts must be relevant and material, (2) there must be a reasonable probability that they would be introduced in evidence, and (3) the lawyer must have some reason to inquire into their existence. The facts disclosed by this record fulfill none of these conditions.

With respect to (1), it is highly speculative that appellant's history of mental or emotional disturbance had any bearing on this crime. See Wagner v. Commonwealth, Ky., 379 S.W.2d 731. It is doubtful that it would have been admissible in evidence for any purpose. Finally, neither the appellant himself nor the members of his family thought it sufficiently material to give the information to appellant's lawyer.

With respect to (2), assuming the evidence admissible, it is very questionable that appellant's attorney would have introduced it because it would have opened the door to unfavorable aspects of defendant's background.

With respect to (3), there is nothing in this record which would have put appellant's lawyer on inquiry concerning the existence of these facts. The homicide itself did not involve unusual or extraordinary circumstances. Neither appellant nor members of his family even intimated to appellant's lawyer that an unstable background had anything to do with it. Appellant's conduct after his arrest and during his trial, while "apathetic", was not of such a nature as to cause any of a number of people who observed him to suspect any mental problem was involved. We cannot say, and in fact appellant does not even contend, that there was any dereliction in his counsel's failure to inquire about his past mental condition. It follows that counsel's failure to obtain this collateral information did not constitute inadequate representation.

It is unnecessary for us to determine whether a convicted person may under any circumstances, in a proceeding of this sort, raise the question of inadequate representation which resulted solely from his own failure to disclose possibly helpful information. See Douthitt v. Guardian Life Ins. Co., 235 Ky. 328, 31 S.W.2d 377; Tompsett v. State of Ohio, 6 Cir., 146 F. 2d 95.

■ Appellant's intimation that he was denied any right to participate in his defense is wholly unsupported. He has shown no violation of any constitutional right and his motion was properly denied.

The judgment is affirmed.