Maceo DAVENPORT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 14, 1965.

Maceo Davenport, pro se.

Robert Matthews, Atty. Gen., George Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Maceo Davenport, a prisoner at the state penitentiary, appeals from an order of the

Montgomery Circuit Court overruling his RCr 11.42 motion to set aside a judgment sentencing him to life imprisonment as a habitual criminal. KRS 431.190.

The motion alleged the following grounds: (1) Improper indictment, (2) Failure of the court to instruct on the whole law of the case, (3) Failure of the court to give written instructions, (4) Lack of evidence to corroborate the testimony of accomplices, (5) Refusal of the court to appoint counsel to defend, and (6) Noncompliance with KRS 203.340, which requires a mental examination for any person indicted as a twice-convicted habitual criminal.

The circuit court appointed two attorneys to assist the movant in this proceeding, and he was brought to Mt. Sterling for a hearing, following which the motion was overruled.

■■ The gist of the criticism of the indictment seems to be that it was "without merit." That is not a sufficient specification to raise an issue. Moreover, no defect in an indictment short of one that completely vitiates it affects the validity of the proceeding. Cf. RCr 6.06; Warner v. Commonwealth, Ky., 385 S.W.2d 77 (1964); Langdon v. Thomas, Ky., 384 S.W.2d 508 (1965); King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

■ Failure of the court to instruct the jury properly and in writing and insufficiency of the evidence to support a conviction are likewise errors that do not invalidate the judgment and are not reviewable in an RCr 11.42 proceeding. Maye v. Commonwealth, Ky., 386 S.W.2d 731 (1965); King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

■ Neither does noncompliance with KRS 203.340 void the conviction. Etherton v. Commonwealth, Ky., 379 S.W.2d 730 (1964).

■■ This leaves only the nonappointment of counsel to be considered. The right to counsel is, of course, absolute. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Williams & Sanders v. Commonwealth, 33 Ky.Law Rep. 330, 110 S.W. 339 (1908). It can, however, be waived, if the waiver is made "intelligently, competently, understandingly and voluntarily." Bute v. People of State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986 (1948).

■ In this case the record shows and movant admits that the trial judge asked him if he wanted counsel and he replied that he did not. Our investigation, then, is directed to whether he waived counsel "intelligently, competently, understandingly and voluntarily." Tanner v. Commonwealth, Ky., 375 S.W.2d 694, 695 (1964).

The trial was held in 1952. The movant theretofore had been convicted of housebreaking in 1944 and storehouse breaking in 1950. At the hearing on this motion to vacate he testified that in the 1944 case counsel had been appointed for him and had advised him to plead guilty because he would be placed on probation. Instead, he got two years and served 18 months of the sentence in prison. In the 1950 incident he listened to the blandishments of the prosecutor and, hoping for mercy, was confounded by another two-year sentence. He gave as his reason for declining an attorney in the 1952 case the fact that the only time he had ever had counsel "I done what he told me and it didn't do me no good. So I just didn't know if a lawyer would help me. I couldn't see where he could help me out none, and I was with two other fellows at the time, two companions. They was tried the day before I was on the same charge. Both of them had a much worse record than I did. They was indicted—had three convictions in the same court, three different charges. One got two years, one got three years and I got life. So I couldn't see where nothing could do me no good at the time."

Movant had an eighth grade education in Bath County, Kentucky. He knew from his previous court experience and from the judge's inquiry in the 1952 case now under attack that he could have an appointed counsel. We conclude from a reading of the testimony that he had enough intelligence and understanding to know what he was doing when he voluntarily elected to go to trial without a lawyer. The proper course for him now is to behave himself in such a manner that he can eventually be released on parole.

The judgment is affirmed.