**Mancel BELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 5, 1965.

Mancel Bell, pro se.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

This is an appeal from an order overruling appellant's motion to vacate a judgment under RCr 11.42.

Appellant was charged with armed robbery under KRS 433.140 committed while he was on parole under a previous felony conviction. He was arraigned under the armed robbery charge on December 10, 1961, at which time he was represented by Ruben Hicks, attorney. Appellant testified at his RCr 11.42 hearing that this attorney was both "appointed for and employed by him." After his plea of guilty was entered, the jury found him guilty and fixed his punishment at life in prison. Before he was sentenced on this conviction, he was returned to prison at LaGrange, Kentucky, to serve the remainder of his first sentence.

After some months, he was returned to the Wayne Circuit Court for sentencing.

Appellant's first contention that the judgment should be vacated on the ground of newly-discovered evidence is untenable. He seeks to use the evidence of an accomplice, Ralph Ping. It is reported Ping will now testify that he made a false statement to the prosecution. Newly-discovered evidence is not a ground for relief under RCr 11.42. Jennings v. Commonwealth, Ky., 380 S.W.2d 284 (1964); King v. Commonwealth, Ky., 387 S.W.2d 582 (1965). Appellant might have had a remedy under RCr 10.06; but, even so, it should have been asserted within one year from the date of the original judgment. Perkins v. Commonwealth, Ky., 382 S.W.2d 393 (1964). Since the judgment in this case became final in 1961 and motion to vacate was filed in July 1964, the newly-discovered evidence is untimely under the one-year limitation.

He next contends a plea of guilty was entered for him without his consent either by the commonwealth attorney or by his own attorney. The trial judge and attorney representing appellant testified that to the best of their memory appellant personally entered his plea voluntarily. The finding of the trial judge who heard appellant's motion to vacate, a judge other than the one who entered the judgment of conviction, heard the conflicting evidence, if it may be dignified as conflicting and in so doing found against appellant. Such ruling should not be disturbed unless clearly erroneous.

Appellant further argues he was "mentally ill" at the time he was arraigned and convicted. This allegation is not sufficient. Obviously he has had no further mental illness. In Commonwealth v. Strickland, Ky., 375 S.W.2d 701, 703 (1964), this Court stated what the test should be in a case such as this:

"The terms 'insane,' 'unsound mind,' and 'mental illness' are too loose to serve as a reasonable test of whether a person is properly fit to plead or defend himself in a criminal proceeding. For this purpose, whatever may be the technical classification of his mental state, legally or medically, the test is whether he has substantial capacity to comprehend the nature and consequences of the proceeding pending against him and to participate rationally in his defense. Cf. 14 Am.Jur. 802 (Criminal Law § 45). It is not necessary that this determination be made by a jury."

At the time of appellant's trial and conviction Criminal Code of Practice, § 156 (old criminal code) was in effect. It provided that "[i]f the court shall be of opinion that there are reasonable grounds to believe that the defendant is insane, all proceedings in the trial shall be postponed until a jury be impaneled to inquire whether the defendant is of unsound mind * * *." This Court held that whether an inquest pursuant to this section shall be held rests in the sound discretion of the trial judge. Murrell v. Commonwealth, 291 Ky. 65, 163 S.W.2d 1 (1942).

We hold the allegation of "mental illness" was not sufficient; and that the trial judge did not have sufficient information of claimed "mental illness" to necessitate an inquiry.

It is next insisted appellant's conviction resulted from "trickery." Apparently this is founded on his assertion that his co-defendant, Ralph Ping, had made a statement implicating the appellant because of a promise of leniency. We find no substantial evidence to support this contention.

The final contention is that he had "inadequate" counsel. However, it should be noted that in appellant's motion for vacation of judgment, he listed several grounds on which he felt he was entitled to relief, but a lack of effective representation by counsel at his original trial was not included. On this appeal, the appellant as-

serts for the first time that he was denied the right to effective counsel. In *Kinmon v. Commonwealth*, Ky., 383 S.W.2d 338, 340 (1964), which held that grounds not presented in the circuit court on a motion to vacate judgment would not be considered on appeal from a denial of the motion, this Court said:

> "In his brief on appeal Kinmon claims a right to relief on the grounds that the evidence on which he was convicted was obtained by an illegal search, that he had 'incompetent counsel who failed to properly represent him,' and that he 'has been denied equal protection and due process of law.' These grounds not having been presented in the motions below will not be considered here."

Therefore, the issue of "inadequate" counsel should not be considered on appeal.

The order overruling motion to vacate judgment is affirmed.