**Clifford RAMSEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 18, 1966.

Robert E. Vick, Greenville, for appellant.

Robert Matthews, Atty. Gen., Harold T. Hotopp, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

This is an appeal from an order overruling appellant's motion made pursuant to RCr 11.42 to vacate a judgment whereby he was sentenced under the habitual criminal statute (KRS 431.190) to life imprisonment. Appellant did not seek an appeal from his conviction as an habitual criminal.

Appellant contends that the judgment of conviction is void because the indictment is defective in that it did not contain averments that the previous crimes were committed progressively after each conviction. See Ross v. Commonwealth, Ky., 384 S.W.2d 324. While conceding that the indictment is defective the Commonwealth relies on Davenport v. Commonwealth, Ky., 390 S.W.2d 662, to establish that this contention is unsound. In Davenport, supra, we rejected the claim that the indictment was faulty and stated:

"* * * Moreover, no defect in an indictment short of one that completely vitiates it affects the validity of the proceeding."

In Harrod v. Whaley, Ky., 239 S.W.2d 480, it was argued that the indictment under which the accused was convicted as an habitual criminal was defective for the same reason urged in the instant case. In disposing of this argument we said:

"* * * they were only irregularities or errors which at most rendered the judgment erroneous and not void."

In view of these cases we must hold that appellant's contention is unavailing.

After filing his motion to vacate the judgment appellant requested a transcript of the original trial record. At the hearing of appellant's motion it was stipulated "that there is no transcript of record, or no record of trial either furnished or available." The court could not be expected to furnish that which was not available. No alternative method of obtaining a report of the trial proceedings was sought. His contention of error in this respect is without merit.

Although he was represented at his trial by appointed counsel appellant urges he was deprived of effective assistance of counsel because his counsel did not move to dismiss the indictment, did not examine the prosecuting witness nor argue the case to the jury. Effective assistance of counsel does not guarantee error-free representation nor does it deny to counsel freedom of discretion in determining the means of presenting his client's case. Only when it is apparent from the record that the trial was a mockery of justice will the court vacate a judgment due to ineffective assistance of counsel. Bivens v. Commonwealth, Ky., 390 S.W.2d 149; Rice v. Davis, Ky., 366 S.W.2d 153. The evidence is wholly insufficient to justify a finding of ineffective assistance of counsel.

Appellant contends that his right under Section 11 of the Kentucky Constitution "to be heard by himself and counsel" was violated when the trial court refused to dismiss his attorney during the trial and to permit him to represent himself. Appellant asserts that he thought he was more capable of conducting his defense than was his attorney. This mere assertion would not justify a finding that the trial court abused its discretion.

Appellant further contends the trial court erred in treating his RCr 11.42 motion as controverted although no answer was filed. The Commonwealth did appear and oppose the motion at the hearing. RCr 11.42 provides that an answer may be filed to the motion to vacate judgment but it does not require it. A motion is not a pleading and no written response is required to entitle a party to oppose it. Underhill v. Thomas, Ky., 299 S.W.2d 633.

Appellant was capably represented at the hearing on his RCr 11.42 motion and his contentions have been vigorously presented on this appeal. However, appellant has failed to show that he is entitled to have his conviction set aside.

The judgment is affirmed.