**Alonzo E. BRISTER, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 25, 1969.

Billy R. Paxton, Central City, for appellant.

John B. Breckinridge, Atty. Gen., Joseph Eckert, Asst. Atty. Gen., Frankfort, for appellee.

REED, Judge.

Alonzo Brister, a prisoner at the state penitentiary; appeals from an order of the Muhlenberg Circuit Court entered after an evidentiary hearing overruling his RCr 11.-42 motion to set aside a judgment sentencing him to life imprisonment as a habitual

criminal. KRS 431.190. We affirm the action of the trial court.

The sole ground actually presented to the trial court in support of the relief sought was noncompliance with KRS 210.-360 (formerly numbered 203.340), which requires a mental examination for any person indicted as a twice-convicted habitual criminal. The circuit court appointed an attorney to assist the movant in this proceeding and he was returned from the penitentiary to the seat of the trial court for a hearing. The same attorney who represented movant at this hearing was appointed by the trial judge to perfect and prosecute this appeal. Movant's appointed counsel has ably and thoroughly represented his client.

The judgment sentencing Brister to life imprisonment was in accordance with a jury verdict and was entered in January of 1952. It was the result of a trial prior to and during which movant was represented by another appointed attorney. Brister had pleaded not guilty. He did not file a motion for new trial nor did he appeal the judgment of conviction.

In 1963 Brister acting pro se moved the trial court to vacate the judgment. He asserted various grounds in support of this motion, but neither specified nor mentioned any lack of mental capacity on his part at the time of his trial nor prior thereto. He did not raise any question concerning the lack of a mental or psychiatric examination. Apparently he was unsuccessful in his attempt on this occasion, but no order appears of record disposing of the motion.

The next entry appearing of record is the present motion to vacate the 1952 judgment. It was filed in May of 1968. For the first time, the question of the lack of a mental or psychiatric examination in 1952 was raised.

■ Although the present motion alleges various grounds for relief, we will neither discuss nor consider those which were in effect withdrawn and abandoned at the trial court level. In post-conviction relief proceedings under RCr 11.42, grounds for relief not presented to the trial court will not be considered on appeal. Kinmon v. Commonwealth, Ky., 383 S.W.2d 338; Bell v. Commonwealth, Ky., 395 S.W.2d 784, cert. denied 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 535.

The only ground which we may properly consider is appellant's claim that noncompliance with KRS 210.360 voided the judgment of conviction.

We have consistently held that noncompliance with KRS 210.360 neither voids the judgment of conviction nor presents a proper ground for relief in post-conviction relief proceedings under RCr 11.42. Etherton v. Commonwealth, Ky., 379 S.W.2d 730; Lairson v. Commonwealth, Ky., 388 S.W.2d 592, 593; Davenport v. Commonwealth, Ky., 390 S.W.2d 662, 663.

Brister argues that noncompliance with KRS 210.360 had the effect of depriving him of equal protection of law guaranteed by the Kentucky Constitution and the Constitution of the United States in the Fourteenth Amendment. The case of McIntosh v. Commonwealth, Ky., 368 S.W.2d 331, is cited in support of this contention.

■ The McIntosh case states that if the defendant is indigent, and KRS 210.360 affords the only real avenue by which he can have the benefit of a psychiatric examination, a denial of it might well raise a question under the Equal Protection Clause of the Fourteenth Amendment. The instant case does not present such a situation. Here Brister, though indigent, was represented by counsel prior to and at his trial. He makes no claim that either he or his then counsel made request for a mental examination which was refused. He made no such claim in his prior motion for post-conviction relief in 1963. His current claim was the subject of an evidentiary hearing before the trial court at which he was present and represented by counsel. The trial court after such hearing resolved

**942**

the issue against him. No discriminatory denial of a mental examination to an indigent defendant is shown. Cf. Jones v. Commonwealth, Ky., 401 S.W.2d 68, 69.

The judgment is affirmed.

All concur.