Leonard McKINNEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 17, 1969.

Leonard McKinney, pro se, A. James Higgs, Dailey & Fowler, Frankfort, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

This is an appeal from a judgment of the circuit court denying post-conviction relief demanded pursuant to RCr 11.42. We affirm.

On October 11, 1954, appellant, Leonard McKinney, then age 30, was indicted for rape, kidnapping, shooting and wounding with intent to kill and shooting without wounding with intent to kill. A lawyer was appointed that same day to represent McKinney, an indigent, and trial was set for October 15, 1954. On arraignment on the 12th day of October, 1954, both the prosecution and defense announced that they were ready for trial. Acting on advice of his counsel, McKinney pled guilty to the rape charge and a jury was impaneled which imposed a life sentence. The other charges against McKinney were abandoned. His 12-year stay in the penitentiary was interrupted by an escape and on two occasions by parole, but for infractions he was returned to prison.

On September 12, 1967, McKinney filed the present proceedings pro se, seeking to set aside the judgment on the claim that constitutionally guaranteed rights were denied him. A hearing was conducted in the Jackson Circuit Court at which McKinney was represented by counsel appointed by that court, but the relief demanded by McKinney was denied. He appealed here pro se, but later moved that this court appoint counsel to assist him. We sustained that motion and his appointed attorney filed a comprehensive brief. McKinney claims:

"(1) That he was denied at trial a continuance needed to secure the attendance of his witnesses;

(2) That he was coerced and intimidated into entering a plea of guilty;

(3) That the indictment under which appellant entered a plea of guilty charged him with committing the offense for which he was indicted at a time when he was in fact incarcerated;

(4) That he was denied effective assistance of counsel, both at trial and preparatory thereto."

McKinney's counsel abandoned the first claim, the denial of a continuance for the reason "* * * that the appellant apparently admitted that neither he nor his attorney had in fact asked for a continuance and further that the only witness whose attendance appellant apparently sought was in fact present in the Courtroom."

Appellant testified, and there was some corroboration of that testimony, that the deputy sheriff into whose custody he had been placed told him that he would be shot if he did not enter a plea of guilty. He also stated that the prosecuting attorney threatened to try him on several charges if he did not plead guilty to the rape charge. Testimony showed that a big crowd had gathered and appeared to be plotting against McKinney. A newspaper clipping was filed which reported that an officer at London told a Jackson County deputy that seven or eight carloads of men from the alleged rape victim's county had been driving around in London. It is contended that these circumstances so intimidated McKinney that his plea of guilty was not entered on his own free will and volition.

■ The Commonwealth notes that the testimony regarding the threats of shooting was generally refuted although it conceded that remarks were made by the deputy sheriff that McKinney "ought to be took out and shot" or "ought to be hung in the court house yard". The trial court in its findings of fact and conclusions of law made pursuant to RCr 11.42(6) said:

"I believe that it is too late, after thirteen years, to appear before this Court and say that he was threatened and coerced into entering a plea which he did not want to do at the time. The Court feels sure that if he had explained this to the Judge of this Court in the year 1954, that the Court would have taken whatever steps were necessary to see that his rights were protected. And since he failed to do that on the day that he was tried, while he was in the penitentiary, or while he was out on probation, then the Court finds that he was not coerced or intimidated in any manner by any member of this Court to get him to enter a plea of guilty upon the charge."

We hold that there was sufficient evidence in the record on which the court could make that finding and that there was no error in its doing so.

■ With respect to the claim that McKinney was incarcerated at the time when the indictment charges the offenses were committed, we observe that an erroneous date may have been stated in the indictment which easily could have been corrected. Furthermore, the plea of guilty destroyed the right of McKinney to now claim he had an alibi.

■ Finally we reach the contention that McKinney was denied effective assistance of counsel before and during the trial. Wedding v. Com., Ky., 394 S.W.2d 105 (1965). Present counsel charges that the indictment was defective and that the defect should have been relied upon. The simple answer is that the error could have been corrected or another indictment returned. Stone v. Com., Ky., 418 S.W.2d 646 (1967) cert. den. 390 U.S. 1010, 88 S. Ct. 1259, 20 L.Ed.2d 161. We assume that counsel concluded it would have been futile to move to quash the indictment, therefore, he waived the defect. Clark v. Com., Ky., 418 S.W.2d 241 (1967). Also see Brooks v. Com., Ky. (decided October 10, 1969). The criticism here is quite like that made in Davenport v. Com., Ky., 390 S.W.2d 662 (1965), in which we said: "Moreover, no defect in an indictment short of one that

completely vitiates it affects the validity of the proceedings."

It is next charged that " * * * there is no entry in the record indicating that an arraignment was actually held, nor any indication of what plea the appellant entered at arraignment, nor any indication that appellant was represented by counsel at arraignment." The record shows that on the 11th day of October, 1954, an order was entered appointing lawyer John C. Little to represent McKinney and directing the sheriff to produce the accused for arraignment. The order of October 12, 1954, shows that McKinney was arraigned the previous day. These statements refute any claim that no arraignment was held and that there was no counsel representing McKinney. Furthermore, the lack of counsel at the time of arraignment is not grounds for relief under RCr 11.42. Collins v. Com., Ky., 433 S.W.2d 663 (1968).

The next charge of counsel's ineffectiveness is that the day after the indictment was returned " * * * the appellant was tried, convicted and sentenced and bundled off to the penitentiary" and that "The record is silent as to why his trial was advanced from the original date of October 15th." We held in Jones v. Com., Ky., 388 S.W.2d 601 (1965), that " * * * the failure of counsel, even if appointed on the day of trial, to request a continuance at the defendant's insistence, would not of itself support a motion to set aside the conviction on the grounds of ineffective assistance of counsel."

It is argued that trial counsel should have moved for a change of venue because of the "inflammatory reactions within (the) community". The determination of whether to request a change of venue addresses itself to the discretion of the trial lawyer. There is no showing that attorney Little did not reasonably exercise his discretion and inasmuch as McKinney decided to plead guilty a request for a change of venue would have been useless.

In 22 C.J.S. 532 Criminal Law § 202, p. 532, it is stated: "Since constitutional or statutory provisions granting a right to a change of venue may be waived, * * * (the) accused waives objections to venue by failure to make them in due season, * * * ". We recognize that RCr 11.42 authorizes the prisoner to petition for post-conviction relief, " * * * at any time * * * ", nevertheless, we see no reason why the requirement to raise this issue " * * * in due season * * * " should not apply at least to the extent of the proof necessary to sustain the petition. McKinney waited almost 14 years before instituting this proceeding. The right to post-conviction relief was widely publicized beginning in 1961 when the Supreme Court of the United States decided Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1963), and for the next few years as it ruled in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964) and Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

This court, to provide a method by which a prisoner could move to vacate, set aside or correct a sentence adopted RCr 11.42 in 1962. Since then prisoners and jailhouse lawyers have plagued this court (see 6 Ky. Digest Criminal Law ☞998), and its counterparts in other states with applications for post-conviction relief. We are unwilling to assume that McKinney was unaware of this opportunity, as other prisoners knew of it. Copeland v. Com., Ky., 415 S.W.2d 842 (1967). His appointed counsel, Mr. John C. Little, is dead, therefore, the reasons for the advice he gave and the steps he took cannot now be recorded.

In United States v. Cariola, 323 F. 2d 180 (1963) (U.S.C.A. 10th) it was said:

"Although the passage of many years will not cure a conviction if it is void, a de-

fendant who, knowing of his right to relief from a conviction, waits to apply for it until all witnesses have died, will have a heavy burden of proof with respect to the facts on which the relief must rest. (citing cases)"

The proof introduced by McKinney did not convince the trial court that his claim was meritorious. The findings of fact reviewed the steps taken in the conviction proceedings and found that McKinney was ably represented throughout the trial. We conclude that petitioner did not meet the "* * * heavy burden of proof with respect to the facts on which the relief must rest." United States v. Cariola, supra. Jordan v. Com., Ky., 445 S.W.2d 878 (decided October 17, 1969).

The judgment is affirmed.

All concur.