**Franklin DeWayne CALVERT, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Misc. No. ———.

United States District Court,
W. D. Kentucky,
Bowling Green Division.

Feb. 26, 1971.

---

Franklin DeWayne Calvert, pro se.

George J. Long, U. S. Atty., Louisville, Ky., for respondent.

### MEMORANDUM

SWINFORD, District Judge.

Petitioner, Franklin DeWayne Calvert, was convicted at a jury trial in the United States District Court for the Western District of Kentucky on December 8, 1967, for aiding and abetting in the robbery of a bank in violation of 18 U.S.C. § 2113(b). Calvert was also charged with and convicted for conspiracy to rob the bank in violation of 18 U.S.C. § 371. An appeal from the judgment of the district court was prosecuted to the United States Court of Appeals for the Sixth Circuit, which on January 20, 1970, affirmed the conviction. The petitioner, being in custody under a fifteen year sentence of a court established by an act of Congress, has instituted this proceeding to vacate sentence pursuant to 28 U.S.C. § 2255. As grounds for his motion to vacate, the petitioner contends that: 1) he received ineffective assistance of counsel; 2) the conviction was based upon perjured testimony; 3) he was the victim of an illegal search and seizure; and that 4) he was prevented from calling witnesses on his behalf.

Petitioner's first contention is not supported by the facts which he has

alleged. Several incidents are set out which supposably exhibit the ineffectiveness of his court appointed attorney, however the alleged incidents relate primarily to matters of trial strategy and tactics, and are not actionable. It is always possible to suggest that things may have been handled in a different and perhaps more successful manner, but speculations of that nature do not bear upon the issue of whether an accused received legal representation equal to that which is required by the Constitution. A charge of ineffective legal assistance will only be actionable if what was done or not done made the proceedings a farce and mockery of justice shocking to the conscience. Scott v. United States, 334 F.2d 72 (6 Cir. 1964). There is nothing in the record which would suggest to the court that the proceedings against Calvert were, in any manner of speaking, a mockery of justice.

 Petitioner's second allegation, that his conviction was grounded upon perjured testimony, is untenable. Calvert was provided a plenary trial by jury with the opportunity to confront and cross-examine all adverse witnesses. If, as is contended, certain witnesses made inconsistent statements, then they could have been impeached on cross-examination. Moreover, if the inconsistencies were as palpable as it is alleged they were, then they were most certainly taken into consideration by the jury.

 Petitioner's third contention relates to a purported unlawful search and seizure. It is argued that certain evidence used against Calvert was illegally seized from an automobile in the possession of Donald B. Bradley, Calvert's colleague and co-conspirator. Bradley was convicted with Calvert for bank robbery. The court, on a section 2255 motion to vacate sentence by Bradley, considered the legality of the search and seizure of the car. In determining that the seizure was not in violation of the Fourth Amendment, the court stated:

"There are many factors which protect the competency of evidence seized without a warrant from an automobile. The ease and relative speed with which a vehicle can be moved outside a particular jurisdiction militates against the normal requirement of a warrant. If the search and seizure is based upon probable cause then it is reasonable and not in contravention of the Fourth Amendment. The police, in this case, had reason to believe the 1963 Oldsmobile was stolen and had reason to believe it was involved in the Edmonson County Bank Robbery. They therefore had a right, if not a duty, to impound the vehicle. It is this court's opinion that the evidence seized therefrom was competent and admissible. United States v. Johnson, 363 F.2d 333 ([6 Cir.] 1966); United States v. Sutton, 321 F.2d 221 ([4 Cir.] 1963); and United States v. Owens, 346 F.2d 329 ([7 Cir.] 1965)."

 Petitioner asserts in his fourth and final contention that his Sixth Amendment right to compulsory process of witnesses was denied. It does not appear that petitioner made any effort or request to have the persons in question served, rather petitioner argues that the prosecution or court should have, on their own initiative, subpoenaed the witnesses for the defense. The argument is wholly without merit. The government is under no duty to decide which witnesses should be called for the defense. The matter of defense witnesses is within the exclusive prerogative of the defendant, and the defendant will not be heard to complain, if because of his own decision he chooses not to have certain witnesses appear. It is the defendant's duty to make application for the issuance of a subpoena and process of service. Neither the court nor the prosecution is responsible for determining what witnesses the defendant should call. Rule 17(b), Federal Rules of Criminal Procedure.

It is the judgment of the court that petitioner's motion to vacate must be denied. An order in conformity with this memorandum is this day entered.