**Cloyd PARKER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 26, 1971.

Cloyd Parker, pro se.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

This is an appeal from an order overruling a motion made under CR 60.02 to vacate a judgment. We affirm.

On March 16, 1965, appellant Parker, with his counsel present, entered a plea of

---

guilty to the crime of storehouse breaking. KRS 433.190. The trial court informed him of his rights, then empaneled a jury which set his punishment at confinement in the penitentiary for one year. Judgment was entered accordingly and the following day an order of probation for one year was signed. It contained a condition that Parker "Refrain from use of alcoholic beverages." For violation of that provision probation was revoked on February 12, 1966. Parker was on parole from a life sentence he had received in 1945 for armed robbery when he pleaded guilty to the storehouse breaking charge. He was returned to prison as a parole violator.

Parker assaults the 1965 judgment claiming that " * * * he was never formally sentenced * * *" for storehouse breaking; that " * * * he was coerced into entering a plea of guilty * * *" and that he was not given an evidentiary hearing on the CR 60.02 motion. Without approving the use of CR 60.02 as being appropriate in this situation we consider the claims.

 The record completely refutes the contention that he was not formally sentenced therefore this argument is without merit. Satterly v. Commonwealth, Ky., 441 S.W.2d 144 (1969); and McKinney v. Commonwealth, Ky., 445 S.W.2d 874 (1969). In the absence of a charge that the record was erroneous the trial court correctly denied a hearing on that count. Williams v. Commonwealth, Ky., 405 S.W. 2d 17 (1966).

He alleged " * * * that on the day he was tried he was coerced into entering a plea of guilty * * *" but he fails to allege any facts indicating coercion. That omission makes this allegation ineffective. Newsome v. Commonwealth, Ky., 456 S.W.2d 686 (1970). Furthermore, the record before us indicates that Parker was experienced in criminal procedure. He had received a life sentence for armed robbery. His encounters with the law were rather frequent after that time.

There were sentences, probations, paroles, revocations of the latter two and a prison escape. Without specifics as to the coercion no error occurred in rejecting this plea without a hearing.

On this appeal Parker attacks the judgment on additional grounds including the claim that the trial court erred in granting a probated sentence when he was then on parole from a life sentence. These issues were not raised below therefore they are not subject to review and will not be considered. Angelo v. Commonwealth, Ky., 451 S.W.2d 646 (1970); Brister v. Commonwealth, Ky., 439 S.W.2d 940 (1969); Quarles v. Commonwealth, Ky., 456 S.W.2d 693 (1970) and Bell v. Commonwealth, Ky., 395 S.W.2d 784 (1965), cert. den. 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 535.

The judgment is affirmed.

All concur, except NEIKIRK, J., who did not sit.