**Oscar Clay RUSSELL, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1971.

Oscar Clay Russell, Jr., pro se.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

Appellant Russell, Jr. appeals from an order overruling his motion to vacate sentence pursuant to RCr 11.42. It is our opinion that appellant's complaints are without merit.

Appellant alleged in his post-conviction proceedings that he was deprived of his constitutional right to have a preliminary hearing. He was charged with two counts of indecent and immoral practices with another (KRS 435.105). The trial court found that the record indicated the appellant was given a preliminary hearing on one count of the charge on April 8, 1970, and that he was present and repre-

**260**

sented by appointed counsel. The Commonwealth concedes that on the other count he did not receive a preliminary hearing. In these circumstances we have declared the law to be: "* * * in the absence of exceptional circumstances, the nature, purpose, and effect of a preliminary hearing (or the absence thereof) are strictly incidental to a criminal prosecution in Kentucky and do not render it a critical stage of the proceedings against the accused. * * * Since there was no examining trial, nothing could have occurred in it to prejudice the constitutional rights of the accused in his trial on the merits." Commonwealth v. Watkins, Ky., 398 S.W. 2d 698 (1966), cert. denied, 384 U.S. 965, 86 S.Ct. 1596, 16 L.Ed.2d 677 (1966); Williams v. Commonwealth, Ky., 405 S.W.2d 17 (1966).

■ Appellant alleges that he was "brought to trial on a defective and void indictment" since it did not state as an element of the charge that appellant was seventeen years or over and the indictment had been altered to indicate such without his knowledge or consent. The trial court found that the record[1] showed the indictment was amended before verdict on motion of the Commonwealth to show the age of Russell, Jr. to be over 17 years, that no additional or different offense was charged, and the rights of appellant were not prejudiced by the amendment. RCr 6.-16 provides: "The court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The trial court correctly held RCr 6.16 had been complied with.

We shall not consider the remaining arguments which appear in appellant's brief since they were not raised at the trial-court level. Brister v. Commonwealth, Ky., 439 S.W.2d 940 (1969).

The judgment is affirmed.

All concur.

1. The record was not filed in the appellate court.