**Robert Myron HOUSE alias Ronald Van Shipley, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1972.

John Tim McCall, Charles D. Scott, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

GARDNER, Commissioner.

Pursuant to a multiple-count indictment Robert Myron House was convicted on four charges of armed robbery and a charge of malicious shooting and wounding with intent to kill. His punishment was fixed at life imprisonment on one of the charges of armed robbery, a total of 201 years on the other three charges of armed robbery, and 21 years on the charge of malicious shooting and wounding with intent to kill. It was ordered that the sentences run concurrently.

There was an abundance of evidence to support the conviction. Appellant contends that prejudicial error was committed (1) by his being deprived of effective assistance of counsel, (2) by his being tried on the various counts at one time, and (3) by

the admission of incompetent evidence and the admission of incompetent remarks by the prosecuting attorney.

■ Ineffective assistance of counsel is not a ground for reversal unless it is apparent from the record that the trial was a mockery of justice shocking to the conscience. Calvert v. United States, 323 F. Supp. 112 (D.C., 1971). Cf. Rice v. Davis, Ky., 366 S.W.2d 153 (1963); Bivens v. Commonwealth, Ky., 390 S.W.2d 149 (1965); Ramsey v. Commonwealth, Ky., 399 S.W.2d 473 (1966). The record does not point to a "mockery of justice". On the contrary, and especially in view of the refusal of appellant to fully cooperate with his counsel, we find the case reasonably well presented by counsel for appellant. (It is noted that the attorney representing appellant at the time was not one of those representing him on the appeal.) Appellant points out that the trial counsel failed to move for a hearing prior to trial to gain a ruling to suppress evidence obtained under an alleged illegal search. While it is permissible and usually advisable to thrash out the question before trial, such procedure is not mandatory. Similarly it is not mandatory that the question of whether a "lineup" procedure was correctly followed be presented at a pre-trial hearing as contended by appellant. In the present case admission into evidence of the fruits of the search and the results of the lineup was objected to by counsel for appellant during the trial. That was an acceptable time for raising the objection.

In a further attempt to show there was ineffective assistance of counsel, appellant refers to the testimony of Officers Walter Goettel and Dan Age which contained hearsay statements and was not objected to by counsel. We agree that some of the testimony was hearsay and incompetent, but there was other overwhelming competent evidence on the same subject testified to by the officers. The officers testified as to what the victims told them in describing the robberies. The victims took the stand and testified substantially to the same facts as those related by the officers. We do not believe there was substantial error and, certainly, we do not believe it reached the proportions of causing the trial to be a mockery.

■ Appellant insists that on the day of trial he was not satisfied with his attorney. Likewise, the attorney was unhappy with his client and wished to withdraw as counsel. Their main difference stemmed from the fact that counsel believed appellant should pursue a defense of insanity "with my knowledge that the man has had psychiatric care prior to the beginning of his criminal difficulties", while appellant refused that avenue. Even after they disagreed as to the best procedure, appellant retained the same counsel. Upon hearing appellant and counsel in chambers the court concluded that the trial should proceed with the same counsel. We do not believe there was an abuse of discretion.

■ As to appellant's second argument, we believe the trial court in the exercise of its sound discretion was authorized to join the various offenses for the purpose of trial. RCr 6.18; RCr 9.12; Russell v. Commonwealth, Ky., 482 S.W.2d 584 (1972); Hunt v. Commonwealth, Ky., 483 S.W.2d 128 (1972).

■ Appellant's final argument is that the prosecuting attorney was erroneously permitted to make prejudicial statements in his summation. Appellant particularly stresses the evil found in the prosecutor's remarks, which were as follows:

"That rifle: a 303 Infield rifle. Now this is not a rifle that's hanging over a man's fireplace in his den. This is a rifle setting on a bureau top in a one-room apartment. That's what this (indicating) is. Why is it there? Well, the police have given you a hint as to why it's there. He said, 'If you'd come a day earlier, or the night before, I'd have shot it out with you.' What would he have shot with? That rifle, of course, 303. He'd have killed anybody he could."

We quite agree that the remarks were unwarranted, but we do not believe they were prejudicial. The evidence was strong that appellant had committed the armed robberies and that he had shot and wounded a person. There were eyewitnesses who unequivocally testified to these facts. Whether he used the rifle referred to by the prosecutor or some other gun is not important. Other statements made by the prosecuting attorney likewise, in our opinion, were not prejudicially erroneous.

The judgment is affirmed.

All concur.