RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0653-MR

DOUGLAS A. KRUSLEY, SR.                                    APPELLANT

v.
APPEAL FROM PULASKI CIRCUIT COURT
HONORABLE DAVID TAPP, JUDGE
ACTION NO. 12-CR-00343

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND L. THOMPSON, JUDGES.

MAZE, JUDGE: Douglas A. Krusley, Sr. appeals from an order of the Pulaski

Circuit Court denying his motions for relief from his conviction and sentence

pursuant to CR[1] 60.02. Krusley failed to present two of the issues to the trial court,

---

[1] Kentucky Rules of Civil Procedure.

and Krusley's third issue is not a valid basis for relief under CR 60.02. Hence, we affirm the trial court's order denying the motions.

On May 13, 2013, Krusley was convicted of first-degree rape. The jury fixed his sentence at fifteen years' imprisonment, which the trial court imposed. This Court affirmed his conviction on direct appeal. *Krusley v. Commonwealth*, No. 2014-CA-001223-MR, 2015 WL 8528398 (Ky. App. Dec. 11, 2015). Subsequently, Krusley filed motions for relief pursuant to RCr 11.42 and CR 60.02, which were both denied. Krusley appealed the denial of the RCr 11.42 motion, which was likewise affirmed on appeal. *Krusely v. Commonwealth*, No. 2017-CA-000498-MR, 2019 WL 3990996 (Ky. Aug. 23, 2019).[2]

While that appeal was pending, Krusley filed a second CR 60.02 motion, claiming: (1) the Commonwealth failed to turn over exculpatory evidence; (2) the Commonwealth failed to allow him to present defense witnesses; (3) the Commonwealth failed to prove every element of first-degree rape; and (4) he received ineffective assistance of counsel at trial. In 2020, Krusley filed an additional CR 60.02 motion claiming that a detective intentionally falsified evidence. The trial court denied both motions, concluding that any issue of perjury

---

[2] In the appeal from the denial his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion, Krusley's name is spelled as "Krusely" in the caption and the text of the opinion.

or falsified evidence was untimely, and that the other issues should have been brought on direct appeal or on the RCr 11.42 motion. This appeal followed.

It is well-established that CR 60.02 is for relief that is not available by direct appeal and not available collaterally under RCr 11.42. *Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983). CR 60.02 is not intended to afford individuals an additional opportunity to re-litigate issues that have already been presented in an earlier direct appeal or collateral attack or present new issues that could have been raised in those proceedings. *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997); RCr 11.42(3). And CR 60.02 should only be used to provide relief when the movant demonstrates why he or she is entitled to the special, extraordinary relief provided by the rule. *Gross*, 648 S.W.2d at 856.

On appeal, the trial court's denial of a CR 60.02 motion will not be overturned absent an abuse of discretion. *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011). We will not disturb the trial court's exercise of discretion absent a determination that it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

Krusley raises three issues on appeal: (1) the trial court improperly limited his opportunity to cross-examine an expert witness; (2) several jurors failed to disclose their relationship to one of the Commonwealth's witnesses; and (3) he was deprived of his right to present a defense and call witnesses. The

Commonwealth notes that Krusley did not present the first two issues to the trial court. Issues not raised before a trial court in a CR 60.02 proceeding are not subject to review and will not be considered on appeal. *Parker v. Commonwealth*, 465 S.W.2d 280 (Ky. 1971).

The Commonwealth concedes that the Krusley's third issue is "similar" to the ground that he raised to the trial court. Specifically, Krusley contends that he was not permitted to call witnesses who were present on the night of the rape, to put on evidence regarding the victim's sexual contact with other individuals, or to cross-examine the Commonwealth's expert. However, Krusley fails to show why these matters could not have been raised on direct appeal or in his earlier motion under RCr 11.42.[3] We also note that CR 60.02 generally does not permit successive post-judgment motions. *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014). As a result, we agree with the trial court that the issue was not properly raised in his most-recent CR 60.02 motions.

Finally, claims under CR 60.02(e) and (f) must be raised within a reasonable time. A trial court's decision as to "[w]hat constitutes a reasonable time in which to move to vacate a judgment under CR 60.02 is a matter that

---

[3] On direct appeal, Krusley argued that the trial court improperly excluded evidence regarding the victim's sexual contact with other persons. This Court held that the trial court properly excluded the evidence. *Krusley v. Commonwealth*, 2015 WL 8528398, at *3-4.

addresses itself to the discretion of the trial court." *Gross*, 648 S.W.2d at 858. Krusley does not argue that the trial court abused its discretion in finding that the issue was raised within a reasonable time.

Accordingly, we affirm the order of the Pulaski Circuit Court denying Krusley's CR 60.02 motions.

ALL CONCUR.

BRIEF FOR APPELLANT:

Douglas A. Krusley, Sr., *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky